YATES, Judge.
This is a divorce case. Donald Oliver Bradford (husband) and Rosie Price Bradford (wife) were divorced on June 30, 1992. The final judgment of divorce was entered incorporating an agreement between the parties which was read into the record in open court. After the agreement was read, both parties acknowledged to the trial court that it was their agreement.
The scant record on appeal makes it difficult for this court to determine what has taken place since the time of the divorce. It appears from the record, however, that as a result of the husband’s failure to comply with the provisions of the divorce judgment, the wife filed a petition for rule nisi. On October 2, a hearing was held on the wife’s petition, after which the trial court found the husband in contempt. The husband filed a motion to set aside and vacate the judgment, and a Rule 60(b) motion. Both motions were denied by the trial court and the husband filed a timely appeal to this court.
First, the husband contends that the trial court abused its discretion when it found him in contempt of court. Specifically, he argues that his inability to pay his obligations under the provisions of the judgment of divorce precludes a finding of contempt.
In a contempt proceeding, this court’s review is restricted to questions of law, and the factual findings of the trial court are conclusive if any legal evidence has been presented which supports those findings. Morgan v. Morgan, 582 So.2d 1147 (Ala.Civ.App.1991); Ex parte Powers, 523 So.2d 429 (Ala.Civ.App.1988); Mims v. Mims, 442 So.2d 102 (Ala.Civ.App.1983).
“The rule is that if it be shown at a contempt hearing that the party cited is unable to comply with the decree of the court due to want of means rather than mere contumacy, then there is no contempt. ...
“When the accused shows that he is unable to comply, the burden of proof is then on the petitioner to show beyond a reasonable doubt that the accused can comply.”
Hurd v. Hurd, 485 So.2d 1194, 1195 (Ala.Civ.App.1986) (Citation omitted.)
The trial court in this instance was not convinced that the husband was unable to comply with the financial provisions of the judgment and we agree. The husband, by his own testimony, showed he had access to monies to accommodate other of his obligations, including the promotion and licensing of, his business. The record also specifically reflects that he was able to comply with one financial provision of the final judgment in the payment of the farm tractor, which was awarded to the wife. For reasons which are unclear to this court the husband did not attempt to meet the financial obligations to his wife and minor child. He made no efforts whatsoever to comply with his financial obligations until several days prior to the contempt proceeding, and then his efforts were minimal. We find that the trial court had proof from which it could determine that the husband could comply with the order.
Second, the husband contends that the trial court abused its discretion by denying a hearing on his Rule 60(b) motion. Rule 60(b), A.R.Civ.P., provides as follows:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discover *734 ed in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
We first note that a ruling under Rule 60(b) is subject to the discretion of the trial court and such ruling is presumed to be correct and will not be disturbed on appeal absent an abuse of that discretion. Waldron v. Fikes, 378 So.2d 1138 (Ala.Civ.App.1979). “It has been said that the court need not hold a hearing on a 60(b) motion if it clearly is without substance and merely an attempt to burden the court with frivolous contentions.” Id. at 1139. Under a Rule 60(b) motion, relief is justified when exceptional circumstances can be shown for relief. Rodgers v. Rodgers, 424 So.2d 647 (Ala.Civ.App.1982).
After careful review of the record and the Rule 60(b) motion filed by the husband, we see no exceptional circumstances warranting relief under this rule. We find no abuse of discretion in the trial court’s finding of contempt or its denial of a hearing pursuant to the Rule 60(b) motion. Therefore, the trial court’s decision is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.