COOK, Justice.
Snooky Hairrell Volkswagen, Inc., and Elbert Hairrell appeal the denial of their Rule 60(b)(6), Ala. R. Civ. P., motion for relief from a $459,672.21 punitive damages judgment against them. We reverse and remand for a hearing on the motion.
In February 1990, Snooky Hairrell Volkswagen, Inc., executed a promissory note payable on demand to Lamar Speer, in the amount of $50,000. The execution of this note was followed by the execution of another note in March 1990 for $100,000. The second note was also payable on demand. Both notes carried an interest rate of 13% per year.
In October 1991, Speer sued Snooky Hair-rell Volkswagen, Inc., and Elbert Hairrell, the owner and operator of the corporation, alleging that the defendants had failed to pay on demand the balance and interest due on the two notes executed to him. He contended that although the notes were secured with inventory, that inventory had been destroyed by fire and the defendants had failed to pay over to Speer insurance proceeds received as a result of the fire. In November, Speer moved for a summary judgment. This motion was granted in January 1992, after the defendants failed to comply with the local rules in place in Morgan County at that time.[1] Although the defendants did not appeal from the compensatory award, in October 1992, the defendants’ attorney filed a motion to set aside the punitive damages award. This motion was denied without a hearing. Thereafter, in March 1993, a motion for “reconsideration” of the punitive damages award was filed. That motion was also denied without a hearing.
The defendants contend that although they had inquired regarding the status of their ease, through their attorney of record at the time, they were never informed by the attorney that an award of punitive damages had been entered against them. They claim they first learned of the punitive damages award in April 1993, and that, before that time, their attorney had led them to believe that a settlement was “in the works.” Upon learning of the punitive damages judgment, the defendants say, they hired another attorney. Their new attorney filed a Rule 60(b)(5) motion, alleging that the defendants had been misled by their previous attorney into believing that the case was being settled when, in fact, a sizable punitive damages award had been entered against them. No hearing on the motion was ever held, and the trial court evidently did not rule on the merits of this motion, because the case action summary sheet carries the notation “denied by operation of rule.” In September 1994, the defen *53 dants again filed a Rule 60 motion, this time pursuant to Rule 60(b)(6). The defendants claim that they periodically checked with the clerk’s office regarding the status of their Rule 60(b)(6) motion, but that they were consistently told by the clerk’s office that any delay was due to the backlog of cases in Morgan County. In May 1996, the defendants requested a hearing on their motion; however, again, the motion was denied without a hearing. The defendants then appealed the denial of the Rule 60(b)(6) motion. The defendants claim that the Court should have conducted a hearing on their Rule 60(b)(6) motion because their motion was based on the allegation that their previous lawyer had intentionally misled them by telling them that the case was going to be settled when in fact a punitive damages award had been entered against them. They say that because their previous attorney falsely advised them of the status of their ease, they faded to appeal from the original award of punitive damages or otherwise to assert their legal rights. We agree that the defendants were due a hearing on their Rule 60(b)(6) motion. Therefore, we reverse and remand.
In reversing for a hearing on the motion, we note that whether to grant or to deny a Rule 60(b) motion is left to the sound discretion of the trial judge. A ruling on a Rule 60(b) motion will not be disturbed absent an abuse of discretion. Killingsworth v. Crittenden, 585 So.2d 903, 905 (Ala.1991). Furthermore,
“ ‘ “Relief under Rule 60(b)(6) is reserved for extraordinary circumstances, and is available only in cases of extreme hardship or injustice.” ’ Chambers County Comm’rs v. Walker, 459 So.2d 861, 866 (Ala.1984) (quoting Douglass v. Capital City Church of the Nazareno, 443 So.2d 917, 920 (Ala.1983)).”
R.E. Grills, Inc. v. Davison, 641 So.2d 225, 229 (Ala.1994). This Court has previously held that relief pursuant to Rule 60(b)(6) was available when intentional omissions and/or misrepresentations of a movant’s attorney had resulted in the dismissal of an otherwise meritorious action. See Ex parte Oden, 617 So.2d 1020, 1021-28, (Ala.1992). In Oden, this Court, quoting Jackson v. Washington Monthly Co., 569 F.2d 119 (D.C.Cir.1977), stated:
“The court in Jackson ... addressed the following situation:
“ ‘From the showing now made by appellant, it appears that his lawyer might not only have been grossly rather than just mildly negligent toward his client, but that he might also have misled the client by reassuring him that the litigation was continuing smoothly when in fact it was suffering severely from lack of attention. These reassurances may even have continued long after the litigation, to the lawyer’s knowledge, had already been aborted.’
(Footnotes omitted.) This description could be applied without any change to Dr. Oden’s affidavit.”
617 So.2d at 1027. Likewise, this description can be applied to the facts of this case.
In Oden, wrongful conduct by Oden’s attorney resulted in the dismissal of a meritorious action. Here, the appellants contend that the wrongdoing of their attorney resulted in the entry of a punitive damages award of almost half a million dollars without their knowledge. Evidently, the trial court considered the defendants’ Rule 60(b)(6) motion an attempt to stall the sale of property to satisfy the judgment. In addition, the court found that the defendants had waited an unreasonable length of time to seek a ruling on the Rule 60(b)(6) motion. This determination was made despite the defendants’ claims that they had periodically inquired of the clerk’s office and had been assured that the delay was a result of the backlog of cases in Morgan County. *54 Bradford v. Bradford, 628 So.2d 732, 734 (Ala.Civ.App.1993). We find that, as in Oden, the allegations of the appellants in this case, if true, would represent exceptional facts under which they could obtain relief pursuant to Rule 60(b)(6). While we do not condone the failure of the defendants’ attorneys to formally file anything regarding the status of their case, we do find that they have presented evidence of extraordinary circumstances and of diligence sufficient to warrant a hearing on their Rule 60(b)(6) motion for relief from the punitive damages award. See Ex parte Oden, 617 So.2d at 1028. The judgment denying the Rule 60(b)(6) motion is reversed and the cause is remanded for proceedings consistent with this opinion.
*53 “ ‘[T]he court need not hold a hearing on a [Rule] 60(b) motion if it clearly is without substance and merely an attempt to burden the court with frivolous contentions.’ [Waldron v. Fikes, 378 So.2d 1138, 1139 (Ala.Civ.App.1979).] [However, u]nder a Rule 60(b) motion, relief is justified when exceptional circumstances can be shown for relief. Rodgers v. Rodgers, 424 So.2d 647 (Ala.Civ.App.1982).”
*54 REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, and SEE, JJ., concur.
MADDOX, J., concurs in the result.

. Rule 83, Ala.R.Civ.P., was amended effective April 14, 1992, to abolish all local rules. Before that date, Rule 83 read as follows: "A [proposed local rule] shall take effect only upon approval by the Supreme Court of Alabama.” See Ex parte Oden, 617 So.2d 1020, 1028, n. 1 (Ala.1992).