J.C.P. ("the child") was found dependent by the juvenile court in a March 21, 2001, order; custody of the child was awarded to G.W. and B.W. (hereinafter referred to collectively as "the adoptive parents"). On September 17, 2001, G.W. and B.W. filed a petition in the Probate Court of Calhoun County (hereinafter "the trial court") seeking to adopt the child. In that petition, the adoptive parents stated that to their knowledge, consents to the adoption of the child and relinquishments of the child for adoption were required of K.B. ("the mother") and M.P., who claims to be the child's natural father. In support of their petition, the adoptive parents filed the mother's consent to, or relinquishment for, adoption, the mother's affidavit, and the mother's waiver of notice, all dated August 8, 2001.
On September 17, 2001, the probate court entered an interlocutory order of adoption, granted custody to the adoptive parents, set a dispositional hearing, and ordered the adoptive parents to serve notice of the adoption petition, pursuant to § 26-10A-17, Ala. Code 1975. The record indicates that M.P. was served with notice on January 15, 2002, and that a copy of the petition for adoption was attached to the *Page 833 
notice. On February 26, 2002, at 9:56 a.m., a little more than one hour before the scheduled hearing, M.P. filed a motion contesting the adoption, asserting only that he had not consented to the adoption of the child. On February 28, 2002, the probate court entered an order granting the adoptive parents' petition for adoption. On March 5, 2002, M.P. filed a postjudgment motion; that motion was denied by operation of law. M.P. appealed.
The limited record on appeal indicates that the child was born on December 28, 1999; that the mother and M.P. never married; and that the adoptive parents have maintained custody of the child since March 2001. No father is listed on the child's birth certificate. The March 21, 2001, dependency order lists M.P. as the father of the child. A "Post-Placement Report" dated February 4, 2002, is also included in the record. That report states that "[t]he birth father of the child is M.P."
On February 28, 2002, the trial court entered an order stating, in pertinent part,
 "This above styled cause is now properly before the court for disposition; and it now appears that due and proper notice of these proceedings has been perfected; and that all requisites of law have been met; and
 "The court being satisfied from clear and convincing evidence adduced that the facts alleged in said petition are true; that the adoptee has been in the actual physical custody of the [adoptive parents] for a period of sixty days or more; that the [adoptive parents] are suitable to be the parents of [the child] and they desire to establish a parent/child relationship with the [child]; that the best interest of the [child] will be served by granting the petition . . . ."
On appeal, M.P. asserts that the trial court erred in failing to hold a hearing on his postjudgment motion. In his postjudgment motion, M.P. alleged that the notice he received on January 15, 2002, was inherently ambiguous. Section 26-10A-17, Ala. Code 1975, provides, in pertinent part:
 "(a) Unless service has been previously waived, notice of pendency of the adoption proceeding shall be served by the petitioner on:
 "(1) Any person, agency, or institution whose consent or relinquishment is required by Section 26-10A-7, unless service has been previously waived;
 "(2) The legally appointed custodian or guardian of the adoptee.
 "(3) The spouse of any petitioner who has not joined in the petition.
"(4) The spouse of the adoptee.
 "(5) The surviving parent or parents of a deceased parent of the adoptee.
 "(6) Any person known to the petitioners as having physical custody, excluding licensed foster care or other private licensed agencies or having visitation rights with the adoptee under an existing court order.
 "(7) The agency or individual authorized to investigate the adoption under Section 26-10A-19.
"(8) Any other person designated by the court.
"(9) Department of Human Resources.
 "(10) The father and putative father of the adoptee if made known by the mother or otherwise known by the court unless the court finds that the father has given implied consent to the adoption, as defined in Section 26-10A-9. *Page 834 
 "(b) The notice shall specifically state that the person served must respond to the petitioner within 30 days if he or she intends to contest the adoption. A copy of the petition for adoption shall be delivered to those individuals or agencies in subdivisions (a)(2) through (a)(10). Any notice required by this chapter may be served on a natural parent prior to birth."
(Emphasis added.)
M.P. does not dispute that he received notice of the adoption proceedings on January 15, 2002. He argues, however, that the notice he received was ambiguous. That notice stated:
 "Please take notice that a petition for adoption in the above-styled matter has been filed in said court by the petitioner named below and that the 26th day of February, 2001 [sic], at 11:00 a.m. has been set for a hearing on the same in said court at the Calhoun County administrative building in Anniston, Alabama. Please be advised that if you intend to contest this adoption my [sic] must file a written response within thirty (30) days hereof with counsel for said petitioner, whose name and address are shown below and with the clerk of the said court. A copy of the petition for adoption is attached to this notice as required by statute.
"Done this the 15th day of Jan[uary], 2002."
M.P. asserts that the fact that the year in which the hearing was to be held is incorrect and that the word "my" is used in place of the word "you" create ambiguity in the document. Clearly, the two misstatements complained of were merely typographical errors. This court concludes that the notice M.P. received was not inherently ambiguous, nor does it fail to comply with § 26-10A-17(b), Ala. Code 1975. Therefore, the notice M.P. received on January 15, 2002, was effective under § 26-10A-17, Ala. Code 1975, and the trial court did not err in failing to hold a hearing on M.P.'s postjudgment motion.
M.P. also asserts that the trial court erred in failing to grant a hearing on his February 26, 2002, motion contesting the adoption of the child. In that motion, M.P. argued only that he had not consented to the adoption. "It is well settled that adoption is purely statutory, unknown to the common law, and that strict statutory adherence is required." Exparte S.C.W., [Ms. 1001107, Oct. 12, 2001] 826 So.2d 844, 849 (Ala. 2001). The Alabama Adoption Code provides, in pertinent part:
 "(a) Consent to the petitioner's adoption or relinquishment for adoption to the Department of Human Resources or a licensed child placing agency shall be required of the following:
 "(1) The adoptee, if 14 years of age or older, except where the court finds that the adoptee does not have the mental capacity to give consent;
"(2) The adoptee's mother;
 "(3) The adoptee's presumed father, regardless of paternity, if:
 "a. He and the adoptee's mother are or have been married to each other and the adoptee was born during the marriage, or within 300 days after the marriage was terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation was entered by a court; or
 "b. Before the adoptee's birth, he and the adoptee's mother have attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid, and,
 "1. If the attempted marriage could be declared invalid only by a *Page 835 
court, the adoptee was born during the attempted marriage, or within 300 days after its termination by death, annulment, declaration [of] invalidity, or divorce; or
 "2. If the attempted marriage is invalid without a court order, the adoptee was born within 300 days after the termination of cohabitation; or
 "c. After the adoptee's birth, he and the adoptee's mother have married, or attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid, and
 "1. With his knowledge or consent, he was named as the adoptee's father on the adoptee's birth certificate; or
 "2. He is obligated to support the adoptee pursuant to a written voluntary promise or agreement or by court order; or
 "d. He received the adoptee into his home and openly held out the adoptee as his own child;
 "(4) The agency to which the adoptee has been relinquished or which holds permanent custody and which has placed the adoptee for adoption, except that the court may grant the adoption without the consent of the agency if the adoption is in the best interests of the adoptee and there is a finding that the agency has unreasonably withheld its consent; and
 "(5) The putative father if made known by the mother or is otherwise made known to the court provided he responds within 30 days to the notice he receives under Section 26-10A-17(a)(10)."
§ 26-10A-7, Ala. Code 1975 (emphasis added).
M.P. does not assert, and the record does not indicate, that M.P. and the mother ever married or attempted to marry, or that he received the child into his home or held the child out as his own. M.P. does not assert, and the record does not indicate, that M.P. is the presumed father of the child. See § 26-10A-7(a)(3), Ala. Code 1975. Further, the record does not indicate that paternity of the child has been established. Therefore, we conclude that M.P. is the putative father of the child.
Section 26-10A-7(a)(5), Ala. Code 1975, plainly states that a putative father's consent to an adoption is required only if he responds to the notice of adoption within 30 days. M.P. does not dispute that he received notice of the adoption on January 15, 2002. M.P. filed his petition contesting the adoption of the child on February 26, 2002, 41 days after receiving notice of the adoption. As Justice Lyons stated in his special concurrence in Ex parte C.V., 810 So.2d 700, 706 (Ala. 2001) (Lyons, J., concurring specially):
 "The source of our adoption laws is the Alabama Legislature. We do not have before us a case where the law has evolved solely from earlier judicial opinions recognizing certain rights and responsibilities under similar circumstances in an area not governed by a statute or a constitutional provision. Consequently, our latitude is constricted because, when applying principles of statutory construction to those laws regulating adoption, as we must here, we do not have the authority to amend, revise, or rewrite those statutes."
810 So.2d at 707. M.P. does not dispute that he failed to respond within 30 days of receiving the notice of adoption. Therefore, this court must conclude that, because M.P., the putative father, failed to *Page 836 
file a response within 30 days of receiving notice of the adoption proceedings, M.P.'s consent was not required for the adoption of the child. See §26-10A-7(a), Ala. Code 1975.
In support of his assertion that the trial court erred in failing to hold a hearing on his February 26, 2002, petition contesting the adoption, M.P. cites § 26-10A-24, Ala. Code 1975. Section 26-10A-24, Ala. Code 1975, provides:
 "(a) Whenever a motion contesting the adoption is filed, the court shall set the matter for a contested hearing to determine:
 "(1) Whether the best interests of the adoptee will be served by the adoption.
 "(2) Whether the adoptee is a person capable of being adopted by the petitioner in accordance with the requirements of this chapter.
 "(3) Whether an actual or implied consent or relinquishment to the adoption is valid.
 "(4) Whether a consent or relinquishment may be withdrawn."
(Emphasis added.)
Section 26-10A-24, Ala. Code 1975, does not appear to place the 30-day time limitation of § 26-10A-7(a)(5), Ala. Code 1975, on the filing of a contest petition; however, that section does limit the matters that may be addressed in the hearing of the adoption contest. Therefore, although we have concluded that under the facts of this case, M.P.'s consent to the adoption was not required, see § 26-10A-7(a)(5), Ala. Code 1975, M.P. could have filed a petition beyond the 30 days to contest whether the adoption was in the best interest of the child or "whether the adoptee is a person capable of being adopted by the petitioner in accordance with the requirements of [the Alabama Adoption Code]." §26-10A-24(a)(1) and (2), Ala. Code 1975.
In his February 26, 2002, petition contesting the adoption, M.P. asserted only that he had not consented the adoption. M.P. did not assert in that petition, nor does M.P. assert on appeal, that the adoption was not in the best interest of the child, or that the child was a person incapable of being adopted. Therefore, there is no relief available to M.P. under § 26-10A-24, Ala. Code 1975. This court concludes that the trial court did not err in failing to hold a hearing on M.P.'s February 26, 2002, petition.
M.P. also argues that his failure to file a response to the adoption petition within 30 days does not conclusively prove that he impliedly consented to the adoption. In support of this assertion, M.P. cites § 26-10A-9, Ala. Code 1975. Section 26-10A-9, Ala. Code 1975, provides:
 "A consent or relinquishment required by Section 26-10A-7 may be implied by any of the following acts of a parent:
 "(1) Abandonment of the adoptee. Abandonment includes, but is not limited to, the failure of the father, with reasonable knowledge of the pregnancy, to offer financial and/or emotional support for a period of six months prior to the birth.
 "(2) Leaving the adoptee without provision for his or her identification for a period of 30 days.
 "(3) Knowingly leaving the adoptee with others without provision for support and without communication, or not otherwise maintaining a significant parental relationship with the adoptee for a period of six months.
 "(4) Receiving notification of the pendency of the adoption proceedings under Section 26-10A-17 and failing to answer or otherwise respond to the petition within 30 days."
(Emphasis added.) As previously discussed, pursuant to § 26-10A-7, Ala. Code *Page 837 
1975, M.P.'s consent to the adoption of the child was not required; therefore, this court need not reach the issue whether his actions constituted implied consent for the purposes of § 26-10A-9, Ala. Code 1975.
During the pendency of M.P.'s appeal before this court, the Legislature enacted Act No. 2002-417, Ala. Acts 2002 (hereinafter "the Act").[1]
The Act amended many of the statutory provisions related to adoption and the putative-father registry. Those changes do not affect this court's analysis with regard to M.P.'s failure to file a response within the proper statutory time frame pursuant to § 26-10A-7, Ala. Code 1975. We note that § 26-10A-7, Ala. Code 1975, as amended by the Act, requires that before his consent to the adoption is required, the putative father, in addition to responding within 30 days to the notice of adoption, must also comply with Alabama's Putative Father Registry Act, § 26-10C-1 et seq., Ala. Code 1975.[2] Section 2 of the Act states that it is retroactive to January 1, 1997. M.P. does not allege, and the record is devoid of any evidence indicating that M.P. complied with § 26-10C-1, Alabama's Putative Father Registry Act.
AFFIRMED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY, J., concurs in the result.
MURDOCK, J., dissents.
[1] Act No. 2002-417, Ala. Acts 2002, became effective on April 17, 2002, when it was approved by the Governor.
[2] Section 26-10A-7(5), Ala. Code 1975, as amended, states that consent is required of "[t]he putative father if made known by the mother or is otherwise made known to the court provided he complies with Section26-10C-1 and he responds within 30 days to the notice he receives under Section 26-10A-17(a)(10)."