PITTMAN, Judge.
Joel L. Summers (“the former husband”) appeals from a judgment of the Lauderdale Circuit Court denying his Rule 60(b), Ala. R. Civ. P., motion for relief from a judgment divorcing him from Cayce L. Summers (“the former wife”).
The former husband and the former wife were divorced in December 2008. Before the trial court issued its divorce judgment, it conducted a trial during which both parties presented evidence. One of the former wife’s witnesses (“the witness”) testified that he had had sex with the former husband in exchange for drugs. Countering the witness’s testimony, the former husband presented evidence indicating that the witness had been paid to testify falsely against him. The former husband filed a motion to strike the witness’s testimony, which was supported by a document that, the former husband alleged, was a contradictory sworn statement of the witness, but the trial court did not rule on the former husband’s motion. The trial court entered a judgment of divorce in which it awarded the former wife primary physical custody of the parties’ minor son and divided the parties’ marital property. After the former husband’s postjudgment motion, which was partly based on his contention that the witness had given perjured testimony, was denied, the former husband appealed to this court. See Summers v. Summers, 58 So.3d 184 (Ala.Civ.App.2010). In April 2010, we issued our opinion in Summers in which, among other things, we affirmed the trial court’s decision holding that the witness’s testimony was admissible. 58 So.3d at 187. The former husband’s subsequent application to this court for rehearing was overruled, and his petition for a writ of certiorari was thereafter denied by our supreme court.
While the former husband’s appeal was pending, the witness was indicted on perjury charges; in March 2010, the witness pleaded guilty to having committed first-degree perjury while testifying during the parties’ divorce trial. In May 2010, before this court rendered a decision on rehearing in Summers, the former husband sought and obtained leave of this court to file a Rule 60(b) motion in the trial court; the former husband then filed a Rule 60(b) motion asserting that the witness’s plea of guilty to having committed first-degree perjury during the parties’ divorce trial constituted new evidence pertinent to the divorce judgment that the trial court had issued in December 2008 that, the former husband said, should be considered by the trial court. The former husband requested that a hearing be held on his motion. In September 2010, the trial court summarily denied the former husband’s motion. The former husband thereafter timely appealed to this court.
*143 On appeal, the former husband argues that the trial court erred in denying his Rule 60(b) motion. He contends that the witness’s perjured testimony “played a significant role in the trial court’s decision to award physical custody of the parties’ minor [child] to the former wife and in its seemingly disproportionate property division,” and, thus, that the new evidence tending to show that the witness’s testimony, in fact, had been false warranted setting aside the divorce judgment.
In his brief, the former husband relies heavily on Gunter v. Gunter, 911 So.2d 704, 710-11 (Ala.Civ.App.2005), in which we held that the trial court had erred in denying a party’s Rule 59, Ala. R. Civ. P., postjudgment motion without holding a requested hearing on the motion. Although it is true that the movant in Gunter asserted the existence of newly discovered evidence tending to show that the movant’s opponent had given perjured testimony during the previous divorce trial, the husband in Gunter had filed a Rule 59 motion; our decision in Gunter was premised on the express language of Rule 59(g), Ala. R. Civ. P., which requires a trial court to hold a hearing on a Rule 59 motion if the movant has requested such a hearing. There is no similar procedural requirement that a hearing be held on a Rule 60(b) motion, even if one is requested by the movant; indeed, no such hearing need be held if the motion is clearly without substance and frivolous. Waldron v. Fikes, 378 So.2d 1138, 1139 (Ala.Civ.App.1979).
“ ‘ “The only issue we consider on an appeal from the denial of a Rule 60(b) motion is whether, by denying the motion, the trial court abused its discretion.” ’ Ex parte Phillips, 900 So.2d 412, 418 (Ala.2004) (quoting Wood v. Wade, 853 So.2d 909, 912 (Ala.2002)). Therefore, an appeal from the denial of a Rule 60(b) motion ‘ “ ‘does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken.’ ” ’ Phillips, 900 So.2d at 419 (quoting Wood v. Wade, 853 So.2d at 913, quoting in turn, Satterfield v. Winston, Indus., Inc., 553 So.2d 61, 63 (Ala.1989)). Thus [in addressing the matter before us] we must determine only whether the trial court acted outside the limits of its discretion in denying the husband’s Rule 60(b) motion.”
Kovakas v. Kovakas, 12 So.3d 693, 701 (Ala.Civ.App.2008).
In Kovakas, we addressed a trial court’s denial of a Rule 60(b) motion that the father in that case had filed based on allegations that, during the parties’ divorce trial, the mother had not disclosed to the court an alleged romantic relationship that she was having at the time with a married man; the father sought Rule 60(b) relief from the divorce judgment awarding custody of the parties’ minor child to the mother. We affirmed the trial court’s denial of the Rule 60(b) motion for two reasons: First, we stated that “the trial court could properly have concluded that the motion failed to state any sufficient ground to set aside the parties’ divorce judgment” because, even if the allegations of the mother’s adulterous relationship were proven, “acts of adultery do not [necessarily] bar an award of custody to the party who committed adultery.” Kovakas, 12 So.3d at 702. Second, with respect to the father’s argument that the trial court had erred in not holding a hearing on his Rule 60(b) motion, we concluded that, “[e]ven when a hearing is requested, a hearing need not be held if the motion for relief ‘clearly is without substance and [is] merely an attempt to burden the court with frivolous contentions.’ ” Kovakas, 12 *144 So.3d at 702 (quoting Waldron, 378 So.2d at 1139). We concluded that the nature of the father’s allegations did not warrant relief.
Here, the former husband’s Rule 60(b) motion was based on new evidence — i.e., evidence of the witness’s perjury conviction — indicating that the witness had given perjured testimony during the parties’ divorce trial. We have held that evidence that comes into existence only after the trial is over cannot support a motion for relief from a judgment entered after that trial. Wal-Mart Stores, Inc. v. Pitts, 900 So.2d 1240, 1245 (Ala.Civ.App.2004). Further, even if such a motion was proper, the former husband asserts that the only evi-dentiary basis upon which the trial court could have awarded custody of the child and allocated the parties’ property was the witness’s testimony. However, there is no evidence indicating that the trial court believed the witness’s testimony or took it into consideration at all, much less evidence establishing that the witness’s testimony, alone, was the sole basis for the trial court’s decision to rule in the manner it did. Our decision in Summers, 58 So.3d at 189, amply demonstrates that the trial court may have based its decision on evidence other than the witness’s testimony.
In conclusion, the former husband has not conclusively demonstrated that the trial court believed the witness’s testimony and that it rendered a decision unfavorable to the former husband based on that testimony so that relief would have been mandated under Rule 60(b). The trial court could have concluded that, despite the existence of some evidence indicating that the witness’s testimony was perjured, the parties’ divorce judgment was nonetheless sufficiently supported by the other evidence presented at the divorce trial. Therefore, the trial court properly concluded that the former husband’s Rule 60(b) motion failed to state a sufficient basis to set aside the divorce judgment; moreover, knowing that the motion cited new evidence indicating that the witness had committed perjury and that the divorce judgment had been rendered based on other independent grounds and evidence, the trial court could have properly concluded that the former husband’s motion was a frivolous attempt to burden the court and that, therefore, a hearing would be unnecessary.
For the foregoing reasons, we affirm the decision of the trial court.
AFFIRMED.
BRYAN and THOMAS, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings.