DONALDSON, Judge.
J.B.M. (“the father”), the biological father of W.M. and B.M. (“the children”), appeals from orders of the Cullman Probate Court (“the probate court”), disposing of his postjudgment motions seeking relief from judgments entered by the probate *679 court on July 18, 2012, granting the petitions of J.C.M. (“the stepfather”), the children’s stepfather, to adopt the children. We dismiss the appeals in part, reverse the probate court’s order of October 12, 2012, dismissing the father’s second post-judgment motion, and remand the cases to the probate court for it to consider the father’s second postjudgment motion.
The father and M.M. (“the mother”), the mother of the children, were divorced by judgment of the Cullman Circuit Court in April 2008. As a part of an agreement incorporated into the divorce judgment, the mother and the father were awarded joint legal custody of the children, the mother was awarded primary physical custody, and the father was granted visitation rights. The father also agreed to pay child support. The divorce judgment was subsequently modified in August 2011 on a petition for a rule nisi filed by the mother, and the circuit court awarded the mother sole legal custody of the children subject to the father’s visitation rights.
The mother subsequently married the stepfather. On April 17, 2012, the stepfather filed petitions in the probate court to adopt the children. The mother submitted her written consent to the stepfather’s adopting of the children. The petitions alleged that the father had abandoned the children and thereby had given implied consent to the adoptions pursuant to § 26-10A-9, Ala.Code 1975.[1] The petitions also stated that “there exist no other orders of Court regarding custody, visitation or access to the adoptee.”
The record reveals that the father was served with notice of each petition by certified mail on May 18, 2012. The notices specifically stated that the father “must file any objection to the petition with the court on or before the 18th day of July [sic], 2012.”[2] The probate court appointed a guardian ad litem for the children. The guardian ad litem subsequently submitted a report stating that the children had not seen or had any contact with the father in over a year and that the father had not paid child support since April 2011. The probate court set the matter for a hearing on July 18, 2012. Other than the notices establishing a July 18, 2012, deadline for the father to object, there is nothing in the record to indicate that the father was provided with notice of the hearing date. The father did not answer, object to, or otherwise respond to the petitions. The father failed to appear at the hearing on July 18, 2012. On that date, the probate court *680 entered final judgments granting the stepfather’s petitions to adopt the children and terminating the father’s parental rights to the children.
In the months following the entry of the judgments, the father filed three separate postjudgment motions to set aside the probate court’s July 18, 2012, judgments. On or about August 31, 2012, the father, through counsel, filed his first post-judgment motion in both cases, styled as a “Verified Motion to Amend, Alter or Vacate the Probate Court Judgment.” In the body of the motion, the father stated that he was seeking relief under Rule 59 and Rule 60, Ala. R. Civ. P. He contended that he never received notice of the July 18, 2012, hearing and that he had been under the impression that the stepfather’s attorney or the guardian ad litem would contact him. He made reference to the divorce judgment, which, as amended, granted him visitation rights to the children, asserted that the mother was denying his visitation rights, and attached a copy of the August 2011 judgment modifying the divorce judgment. He contended that he had learned of the probate court’s adoption judgment when he was exploring whether to petition the circuit court to enforce or modify the divorce judgment concerning the issue of visitation. He did not raise fraud as an issue in his first postjudgment motion. The father also attached to his first post-judgment motion other exhibits, including a letter from his attorney to the stepfather’s attorney dated April 10, 2012, in which his attorney stated, among other things, that the father would not sign the consent-to-adoption forms.[3] On September 5, 2012, the stepfather filed a response to the father’s motion, in which he contended that the father had failed to notify the stepfather’s counsel or the court regarding an objection to the adoption petitions. The stepfather further asserted that the father’s motion was untimely under Rule 59, Ala. R. Civ. P. In reply, the father argued that he was seeking relief not only under Rule 59, but also under Rule 60. Without holding a hearing, the probate court entered an order in both cases on September 17, 2012, denying the father’s first postjudgment motion.
On September 26, 2012, the father filed a second postjudgment motion in both cases, styled as a “Rule 60(b) Motion for Relief from Judgment,” in which he contended that the petitions for adoption filed by the stepfather inaccurately stated that “there exist no other orders of Court regarding custody, visitation or access to the adoptee.” The father specifically asserted in his second postjudgment motion that that assertion by the stepfather constituted a fraud upon the court, thus rendering the adoption judgments void. The stepfather responded by contending that the September 26, 2012, motion was a successive Rule 60(b) motion and, thus, could not be considered by the probate court. The probate court apparently agreed and dismissed the September 26 postjudgment motion on October 12, 2012, without conducting a hearing. In the dismissal order, the probate court stated that it lacked jurisdiction to consider any further Rule 60(b) motions because it had denied the father’s first Rule 60(b) motion.
On October 31, 2012, the father filed a “motion to amend, alter or vacate” the probate court’s October 12, 2012, order dismissing the September 26 postjudgment motion. The father argued that the Octo *681 ber 12, 2012, order was due to be set aside because he had raised for the first time in the September 26 motion the issue of fraud upon the court, which was a separate and distinct issue from the issue of lack of notice that he had raised in his first post-judgment motion. The probate court denied the third postjudgment motion on November 2, 2012.
The father filed notices of appeal to this court on November 16, 2012. This court has consolidated the appeals ex mero motu. On appeal, the father contends that the probate court committed reversible error by failing to hold a hearing on the father’s postjudgment motions. The father also contends that the probate court exceeded its discretion by not granting his motions to set aside the adoption judgments. He asks that the orders of the probate court be reversed or, in the alternative, that these cases be remanded to the probate court for a hearing.
The stepfather contends that this court lacks jurisdiction to consider the merits of the father’s appeals because the father filed untimely notices of appeal from the probate court’s rulings on his postjudgment motions. The underlying judgments in this case are for adoption of the children. Pursuant to § 26-10A-26(a), Ala.Code 1975, “[ajppeals from any final decree of adoption shall be taken to the Alabama Court of Civil Appeals and filed within 14 days from the final decree.” Pursuant to Rule 4(a)(3), Ala. R.App. P., a postjudgment motion timely filed pursuant to Rules 50, 52, 55, or 59 of the Alabama Rules of Civil Procedure suspends the running of the time for filing a notice of appeal. As our supreme court noted in Ex parte A.M.P., 997 So.2d 1008 (Ala.2008):
“Section 26-10A-26, Ala.Code 1975, a part of the Alabama Adoption Code, provides that an appeal shall be filed within 14 days of the final order of adoption. Section 26-10A-37 provides that the Alabama Rules of Civil Procedure apply to the probate court in adoption proceedings to the extent that they apply under § 12-13-12, Ala.Code 1975. Section 12-13-12 provides that in the absence of express provisions to the contrary, provisions of the Code relating to pleading, practice, evidence, and judgments and orders in the circuit court shall apply in the probate court. The great-uncle and great-aunt timely filed a postjudgment motion. That motion was denied by operation of law. The notice of appeal was thus timely filed under the Alabama Rules of Civil Procedure. The Court of Civil Appeals has addressed the merits in appeals in adoption cases from the probate court where a party has filed a postjudgment motion. See In re J.C.P., 871 So.2d 831 (Ala.Civ.App.2002) (the putative father filed a post-judgment motion, which was denied by operation of law, and the father subsequently appealed the final order of adoption); J.B. v. F.B., 929 So.2d 1023 (Ala.Civ.App.2005) (following the denial of his postjudgment motion, the father appealed from the judgment of the probate court granting the adoption petition).”
997 So.2d at 1013 n. 3. A postjudgment motion filed pursuant to Rule 60(b), Ala. R. Civ. P., does not “toll the time for taking an appeal from the underlying judgment.” Landers v. Landers, 812 So.2d 1212, 1216 (Ala.Civ.App.2001). However, a denial of a postjudgment motion filed pursuant to Rule 60(b) “is, under Alabama law, itself a final judgment that will independently support an appeal.” Food World v. Carey, 980 So.2d 404, 406 (Ala.Civ.App.2007).
The plain text of § 26-10A-26(a) provides that an aggrieved party has 14 days to file an appeal from the final judgment of adoption. The denial of a Rule 60(b) motion pertaining to a case governed *682 by the Alabama Adoption Code is not a final judgment of adoption from which an appeal must be taken within 14 days. Rather, it is a separate final judgment from which an appeal lies and to which the 14-day prescriptive period of § 26-10A-26(a) does not apply. Therefore, the period for filing a notice of appeal from the denial of a Rule 60(b) motion pertaining to an adoption proceeding before the probate court is 42 days pursuant to Rule 4(a)(1), Ala. R.App. P.[4]
As noted, the father filed three separate postjudgment motions pertaining to both cases, which the probate court ruled were successive postjudgment motions. The stepfather contends that the motions were successive postjudgment motions, that the probate court lacked jurisdiction to consider the second and third motions, and that, as a result, the father’s appeals are untimely.
“As stated by the Alabama Supreme Court in Ex parte Keith, 771 So.2d 1018 (Ala.1998), ‘[ajfter a trial court has denied a postjudgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to “reconsider” or otherwise review its order denying the Rule 60(b) motion.’ 771 So.2d at 1022 (emphasis added). In other words, a party who has previously filed an unsuccessful motion seeking relief under Rule 60(b) may not properly file a second motion in the trial court that, in effect, requests the trial court to revisit its denial of the first motion, such as by reasserting the grounds relied upon in the first motion. See Wadsworth v. Markel Ins. Co., 906 So.2d 179,182 (Ala.Civ.App.2005) (‘Successive Rule 60(b) motions on the same grounds are generally considered motions to reconsider the original ruling and are not authorized by Rule 60(b).’) .... ”
Pinkerton Sec. & Investigations Servs., Inc. v. Chamblee, 934 So.2d 386, 390-91 (Ala.Civ.App.2005). The general rule against successive Rule 60(b) motions does not apply when a subsequent Rule 60(b) motion raises new grounds upon which a judgment could be set aside. See E.S.R, Jr. v. Madison Cnty. Dep’t of Human Res., 11 So.3d 227, 230 n. 2 (Ala.Civ.App. 2008); see also McLendon v. Hepburn, 876 So.2d 479, 483 (Ala.Civ.App.2003).
In his first postjudgment motion, filed on August 31, 2012, the father alleged that he did not receive notice of the hearing and therefore that the July 18, 2012, adoption judgments were due to be set aside. The body of the motion requested relief from the adoption judgments under Rule 59 and Rule 60(b). On appeal, the father also contends that, because he did not appear at the hearing, his first post-judgment motion could be viewed as a motion to set aside default judgments pursuant to Rule 55(c), Ala. R. Civ. P., which is “the proper vehicle for requesting a trial court to set aside a default judgment....” Williams v. Williams, 70 So.3d 332, 333 (Ala.Civ.App.2009). “Both a Rule 59(e) and a Rule 55(c) motion, however, must be filed within 30 days of the judgment being challenged. See Rule 59(b), Ala. R. Civ. P., and Rule 55(c).” Id. The father’s first postjudgment motion was filed more than 30 days after the probate court’s adoption judgments were entered and was therefore not a timely motion under either Rule 59(e) or Rule 55(c). The father’s first postjudgment motion, however, can be properly construed as a Rule 60(b) motion *683 for relief from the default. Id. (citing Ex parte King, 776 So.2d 31, 35 (Ala.2000)); see also Committee Comments on 1973 Adoption of Rule 55, Ala. R. Civ. P.(“Rule 60 becomes available when more than thirty days has passed since the entry of the judgment by default.”). The probate court entered an order denying the first post-judgment motion on September 17, 2012, without holding a hearing and without specifying a reason for the denial. The father did not appeal the denial of the first postjudgment motion until November 16, 2012, which is more than 42 days after the probate court’s denial of the motion. Because the appeals are untimely as to the first Rule 60(b) motion, this court lacks jurisdiction to consider the merits of the father’s appeals as to his first post-judgment motion. Accordingly, the father’s appeals are dismissed insofar as they pertain to his first postjudgment motion.
 In his second postjudgment motion, the father argued for the first time that the probate court’s adoption judgments were due to be set aside because, the father argued, the stepfather perpetrated a “fraud upon the court”[5] by asserting in the adoption petition that “there exist no other orders of Court regarding custody, visitation or access to the adop-tee.”[6] The motion was filed within the four-month period prescribed by Rule 60(b). Compared to the first post-judgment motion, the second post-judgment motion raised an entirely new ground upon which the adoption judgments could potentially be set aside; therefore, the second motion was not a successive postjudgment motion in relation to the first postjudgment motion. The probate court, however, ruled that the second postjudgment motion was successive. Without addressing the merits of the motion or holding a hearing, the probate court erroneously dismissed the second postjudgment motion for lack of jurisdiction on October 12, 2012.
The third postjudgment motion, however, is a successive motion. In the third postjudgment motion, the father requested that the probate court, pursuant to Rule 59, alter, amend, or vacate the *684 October 12 order dismissing the second motion on the basis that the second post-judgment motion was based on an entirely different ground than the first post-judgment motion. Stated otherwise, the third postjudgment motion is nothing more than attempt to have the probate court reconsider its order dismissing the second postjudgment motion.
“After a trial court has denied a post-judgment motion pursuant to Rule 60(b), that court does not have jurisdiction to entertain a successive postjudgment motion to ‘reconsider’ or otherwise review its order denying the Rule 60(b) motion, and such a successive postjudgment motion does not suspend the running of the time for filing a notice of appeal.”
Ex parte Keith, 771 So.2d 1018, 1022 (Ala.1998). The father’s third postjudgment motion, therefore, did not toll the time for filing of a notice of appeal.
Nonetheless, as they relate to the second postjudgment motion, the father’s notices of appeal to this court were timely. The probate court’s order of October 12, 2012, dismissing the father’s second post-judgment motion was a final judgment that would independently support the appeals. Food World, 980 So.2d at 406. Pursuant to Rule 4(a)(1), Ala. R.App. P., the father had 42 days to file notices of appeal from the dismissal of the second postjudgment motion. The notices of appeal were filed on November 16, 2012, 35 days after the date of the final, appealable order. Therefore, the appeals, insofar as they pertain to the father’s second postjudgment motion, are properly before this court.
On appeal, the father asserts that the probate court erred in not holding a hearing on his second postjudgment motion. We note that “[tjhere is no ... procedural requirement that a hearing be held on a Rule 60(b) motion, even if one is requested by the movant; indeed, no such hearing need be held if the motion is clearly without substance and frivolous.” Summers v. Summers, 89 So.3d 141, 143 (Ala.Civ.App.2011) (citing Waldron v. Fikes, 378 So.2d 1138, 1139 (Ala.Civ.App.1979)); see also Snooky Hairrell Volkswagen, Inc. v. Speer, 689 So.2d 51, 53 (Ala.1997), Bradford v. Bradford, 628 So.2d 732, 734 (Ala.Civ.App.1993), and Ex parte Oden, 617 So.2d 1020, 1028 (Ala.1992) (holding that a party might be entitled to a hearing on a Rule 60(b) motion when the party presents evidence of extraordinary circumstances to support a reversal of the judgment). Based on the record, the probate court did not conduct a review of the contents of the motion asserting that a fraud had been committed in the stepfather’s petitions for adoption. As noted above, the probate court, instead, dismissed the father’s second postjudgment motion without considering the motion at all on the basis that, the court believed, it did not have jurisdiction to entertain the second motion. Because we have determined that the probate court had jurisdiction to consider the second postjudgment motion, we reverse the probate court’s order dismissing the father’s second postjudgment motion and remand the cause to the probate court to consider the assertions in the second motion, whether those assertions warrant a hearing, and, if so, whether relief should be granted. In assessing the merits of the father’s second postjudgment motion, the probate court shall make a determination as to whether the father has “presented evidence of extraordinary circumstances and of diligence sufficient to warrant a hearing on [his] Rule 60(b)[] motion for relief’ from the probate court’s judgments. Speer, 689 So.2d at 54. The order dismissing the father’s second Rule 60(b) post-judgment motion is reversed, and the cause is remanded to the probate court for proceedings consistent with this opinion.
*685 2120165 — APPEAL DISMISSED IN PART; ORDER OF OCTOBER 12, 2012, REVERSED; AND CAUSE REMANDED.
2120166 — APPEAL DISMISSED IN PART; ORDER OF OCTOBER 12, 2012, REVERSED; AND CAUSE REMANDED.
THOMPSON, P.J., and MOORE, J., concur.
PITTMAN, J., concurs in the result, without writing.
THOMAS, J., recuses herself.

. Pursuant to § 26-10A-7, Ala.Code 1975, a child’s presumed father must provide consent to the adoption of the child. Section 26-10A-9, concerning implied consent, provides, in pertinent part:
"(a) A consent or relinquishment required by Section 26-1OA-7 may be implied by any of the following acts of a parent:
"(1) Abandonment of the adoptee. Abandonment includes, but is not limited to, the failure of the father, with reasonable knowledge of the pregnancy, to offer financial and/or emotional support for a period of six months prior to the birth.
[[Image here]]
"(3) Knowingly leaving the adoptee with others without provision for support and without communication, or not otherwise maintaining a significant parental relationship with the adoptee for a period of six months.
"(4) Receiving notification of the pen-dency of the adoption proceedings under Section 26-10A-17 and failing to answer or otherwise respond to the petition within 30 days.
[[Image here]]

. We note that § 26-10A-17(b), Ala.Code 1975, states, in pertinent part, that "[t]he notice [of pendency of the adoption proceeding] shall specifically state that the person served must respond to the petitioner within 30 days if he or she intends to contest the adoption.”

. Based upon the exhibits attached to the father’s first postjudgment motion, it is unclear whether the father was represented by counsel during the period between the time of the April 10, 2012, letter and the time of the filing of the first postjudgment motion on August 31, 2012.

. Rule 4(a)(1), Ala. R.App. P., provides, with limited exceptions, that a notice of appeal to this court must be filed within 42 days of the date of the entry of the judgment appealed from.

. Rule 60(b)(3) allows "the court [to] relieve a party ... from a final judgment ... for ... fraud ..., misrepresentation, or other misconduct of an adverse party.” To the extent that the father claims that the stepfather’s assertions in the petitions constituted a "fraud upon the court,” we note that mere misrepresentations by a party are insufficient to demonstrate "fraud upon the court”:
" '[The supreme court] has defined "fraud upon the court” as that species of fraud that defiles or attempts to defile the court itself or that is a fraud perpetrated by an officer of the court, and it does not include fraud among the parties, without more.’ Waters v. Jolly, 582 So.2d 1048, 1055 (Ala.1991) (citing Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala.1977), and Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987)). Black’s Law Dictionary 686 (8th ed. 2004) defines 'fraud on the court' as follows: 'In a judicial proceeding, a lawyer’s or party’s misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding.’ See Ex parte Free, 910 So.2d 753 (Ala.2005). The cases in which fraud on the court has been found, for the most part, have been cases in which there was 'the most egregious conduct involving a corruption of the judicial process itself,' such as the bribery of a judge or the employment of counsel to improperly influence the court. 11 Charles A. Wright et al., Federal Practice & Procedure Civ.2d § 2870 (1995).”
Christian v. Murray, 915 So.2d 23, 28 (Ala.2005).

. Pursuant to § 26-10A-25(d), Ala.Code 1975, "[a] final decree of adoption may not be collaterally attacked, except in cases of fraud or where the adoptee has been kidnapped, after the expiration of one year from the entry of the final decree and after all appeals, if any.”