DONALDSON, Judge.
C.B.W.N. ("the stepfather") appeals from an order of the Shelby Probate Court ("the probate court") that, among other things, granted the contest of K.P.R. ("the father") to the proposed adoption of C.A.R. ("the child") by the stepfather, denied the stepfather's petition to adopt the child, and dismissed the adoption proceeding. Based on the current interpretation of § 26-10A-26, Ala. Code 1975, the appeal was required to be filed within 14 days of the entry of the order. Because the appeal was filed more than 14 days after the entry of the order, this court is without jurisdiction and we dismiss the appeal. Rule 2(a)(1), Ala. R. App. P.
*48 Facts and Procedural History
The facts pertinent to the disposition of this appeal are as follows. On October 24, 2016, the stepfather filed a petition in the probate court seeking to adopt the child. The father filed an answer to the stepfather's petition in which he contested the adoption. On May 8, 2017, after a hearing at which ore tenus testimony was taken, the probate court entered a detailed final order in which it, among other things, found that the father had not impliedly consented to the adoption, granted the father's contest to the adoption, denied the stepfather's adoption petition, and dismissed the adoption proceeding.
On May 18, 2017, the stepfather filed a motion seeking to alter, amend, or vacate the May 8, 2017, order. On June 9, 2017, the probate court entered an order setting the stepfather's postjudgment motion for a hearing on August 2, 2017. On August 10, 2017, the probate court entered an order denying the stepfather's postjudgment motion. The stepfather filed his notice of appeal to this court on August 21, 2017. This court has appellate jurisdiction of appeals from adoption proceedings pursuant to § 12-3-1, Ala. Code 1975.
Discussion
Before reaching the merits of the stepfather's arguments, we must determine whether the stepfather's notice of appeal was timely filed because "an untimely filed notice of appeal results in a lack of appellate jurisdiction." Parker v. Parker, 946 So.2d 480, 485 (Ala. Civ. App. 2006). See also Rule 2(a)(1), Ala. R. App. P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.").
In his brief, the father asserts that the stepfather's notice of appeal was not timely and that, therefore, this court should dismiss the stepfather's appeal. In response, the stepfather filed a motion asking this court to deem his appeal to have been timely filed, to which he attached a memorandum in support.
The stepfather argues that the order from which he appealed is not a "final decree of adoption" that must be appealed within 14 days pursuant to § 26-10A-26(a), Ala. Code 1975. The stepfather cites J.B.M. v. J.C.M., 142 So.3d 676 (Ala. Civ. App. 2013), in support of his position. In J.B.M., this court held that "the period for filing a notice of appeal from the denial of a Rule 60(b)[, Ala. R. Civ. P.,] motion pertaining to an adoption proceeding before the probate court is 42 days pursuant to Rule 4(a)(1), Ala. R. App. P." 142 So.3d at 682. A motion filed pursuant to Rule 60(b), Ala. R. Civ. P., however, "does not bring up for review the merits of the underlying judgment and is instead a collateral attack on the judgment." Ex parte R.S.C., 853 So.2d 228, 233 (Ala. Civ. App. 2002). Further, a motion filed pursuant to Rule 60(b)"does not affect the finality of a judgment or suspend its operation," and the motion "is not deemed denied by operation of law ...." Id. at 233-34. Accordingly, J.B.M. is inapplicable to the present situation.
Our supreme court, in considering the interplay between Rule 21(a)(3), Ala. R. App. P., and § 26-10A-26(a), has held that it is "clear that the presumptively reasonable time for filing a mandamus petition challenging an order in an adoption proceeding is 14 days." Ex parte K.R., 210 So.3d 1106, 1111 (Ala. 2016) (emphasis added). The supreme court's application of the 14-day appeal period in § 26-10A-26(a) to an interlocutory order-which is not a "final decree of adoption"-demonstrates that final orders entered in adoption proceedings, whether granting or denying *49 adoption petitions, must be appealed within 14 days.
The stepfather also argues that the Code of Alabama and the Alabama Rules of Civil Procedure do not contemplate a 14-day period pertaining to the filing of, and the ruling on, postjudgment motions. This court has held that the 14-day period for appeals from adoption judgments is applicable to postjudgment practice in adoption proceedings. See, e.g., Ex parte W.L.K., 175 So.3d 652, 656 n. 1 (Ala. Civ. App. 2015) ; see also R.W.S. v. C.B.D., 244 So.3d 987 (Ala. Civ. App. 2017). The stepfather asks this court to "correct" what he asserts is "bad dicta" in a footnote in Ex parte W.L.K."as being contrary to the plain language of the applicable laws and rules set out in the Code of Alabama and the Alabama Rules of Civil Procedure."
In Ex parte W.L.K., however, this court relied on Ex parte A.M.P., 997 So.2d 1008 (Ala. 2008), which included several appeals and a petition for a writ of mandamus that had been consolidated and in which our supreme court explained that the appellants in that case had filed a postjudgment motion within 14 days of the entry of the adoption judgment, that that motion had been denied by operation of law 14 days after its filing, and that the appellants' notice of appeal, which had been filed within 14 days of the denial by operation of law of the postjudgment motion, was timely. Id. at 1013. It is well settled that "this court is bound by the decisions of our supreme court. Ala. Code 1975, § 12-3-16. We are not at liberty to overrule or modify those decisions. Thompson v. Wasdin, 655 So.2d 1058 (Ala. Civ. App. 1995)." TenEyck v. TenEyck, 885 So.2d 146, 158 (Ala. Civ. App. 2003).
The probate court entered its final order on May 8, 2017. Although the stepfather timely filed his postjudgment motion within 14 days of the entry of the order (on May 18, 2017), that motion was denied by operation of law 14 days later-on June 1, 2017. Therefore, the stepfather's notice of appeal was due to be filed no later than 14 days after the date his postjudgment motion was denied by operation of law-June 15, 2017. Because the stepfather did not file his notice of appeal until August 21, 2017, it was not timely filed and, as a result, this court lacks jurisdiction to consider the stepfather's appeal. See Ex parte A.M.P., 997 So.2d at 1013 ; and K.P. v. Madison Cty. Dep't of Human Res., 243 So.3d 835, 839 (Ala. Civ. App. 2017) ("The Rules of Appellate Procedure do not permit this court to construe [an appellant's] notices of appeal to be timely."). Accordingly, we dismiss the stepfather's appeal. Rule 2(a)(1), Ala. R. App. P.
APPEAL DISMISSED.
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J., concurs specially.
THOMAS, Judge, concurring specially.
I concur in the main opinion, but I have additional reasons for rejecting the arguments asserted by C.B.W.N. ("the stepfather").
The stepfather first argues that Ala. Code 1975, § 26-10A-26(a), indicates that an appeal from only a "final decree of adoption" must be filed within 14 days, and, thus, he contends, his appeal from the judgment denying his adoption petition and dismissing the adoption action was not required to be filed within 14 days of its entry. Of course, the stepfather admits that he filed his notice of appeal to this court within 14 days of the entry of the order denying his postjudgment motion, and, therefore, resolving this particular argument is not necessary for this court to decide whether it has jurisdiction over this appeal. I note, however, that this court has *50 jurisdiction over "all appeals in domestic relations cases, including annulment, divorce, adoption, and child custody cases," Ala. Code 1975, § 12-3-10 (emphasis added), and that the Comment to § 26-10A-26 states that a direct appeal to this court is "consistent with ... Section 12-3-10." This court, in In re Hicks, 495 So.2d 691, 692 (Ala. Civ. App. 1986), explained:
"The general statute as to appeals from the probate court, which has been in effect for over a century without any material change, provides in pertinent part that an appeal lies to the circuit court or supreme court from any final decree of the probate court. § 12-22-20, Code 1975. However, when the court of civil appeals was established in 1969, this court was granted exclusive appellate jurisdiction as to all appeals in adoption cases. § 12-3-10, Code 1975."
(Emphasis added.) Thus, final judgments in all adoption actions are appealable to this court.
The stepfather's second argument is more difficult to address. The stepfather specifically contends that footnote 1 in Ex parte W.L.K., 175 So.3d 652 (Ala. Civ. App. 2015), is dicta and that it is also incorrect. That footnote reads:
"We note that our supreme court has indicated that a postjudgment motion directed to a judgment of adoption is timely when filed within 14 days of the entry of the judgment and that such a postjudgment motion is denied by operation of law if not ruled upon within 14 days. See Ex parte A.M.P., 997 So.2d [1008,] 1013 n.3 and accompanying text [ (Ala. 2008) ] (explaining that the adoption judgment was entered on November 8, 2005, that the postjudgment motion was 'timely filed' on November 22, 2005, that the postjudgment motion was denied by operation of law, and that the appeal, which was filed on December 16, 2005, had been timely filed)."
Ex parte W.L.K., 175 So.3d at 656 n.1. I agree that the footnote contains dicta. It was not truly necessary to decide the timeliness of the postjudgment motion or when it was denied by operation of law to decide the matters presented to us in Ex parte W.L.K. However, the footnote correctly explains the procedural history set out in Ex parte A.M.P., 997 So.2d 1008, 1013 n.3 (Ala. 2008).
At issue in A.M.P., among other things, was an appeal from a final order of adoption entered on November 8, 2005. Ex parte A.M.P., 997 So.2d at 1013. The procedural history set out in the opinion indicated that the great-uncle and great-aunt of an adoptee had filed a postjudgment motion to the November 8, 2005, judgment on November 22, 2005, which was within 14 days of the entry of the judgment. Id. at 1013. The probate court did not rule on the postjudgment motion, and the great-uncle and great-aunt filed a notice of appeal on December 16, 2005. Id. Upon a challenge to the timeliness of the great-uncle and great-aunt's appeal, our supreme court determined that the appeal had been timely filed. Id.
Indeed, as the stepfather points out, our supreme court noted in Ex parte A.M.P. that the Rules of Civil Procedure apply to adoption actions pending in the probate court. See id. at 1013 n.3 (citing Ala. Code 1975, § 12-13-12 ). Furthermore, the stepfather relies on Ala. Code 1975, § 12-13-11, which provides that a party may file a motion for new trial in the probate court within 30 days from the entry of judgment. Thus, the stepfather contends, consistent with § 12-13-11 and Rule 59, Ala. R. Civ. P., which provides that postjudgment motions in the circuit court must be filed within 30 days of the entry of judgment, Ex parte A.M.P. recognized that a postjudgment motion directed to a probate-court judgment must be filed within 30 days after the entry of the judgment. He *51 further posits that, because the Rules of Civil Procedure apply, a postjudgment motion may remain pending before the probate court for 90 days before being denied by operation of law. See Rule 59.1, Ala. R. Civ. P. (providing that postjudgment motions are denied by operation of law if no ruling has been rendered within 90 days of the filing of the motion).
In Ex parte A.M.P., however, our supreme court indicated that the postjudgment motion filed by the great-uncle and great-aunt had been denied by operation of law in the period between its filing on November 22, 2005, and the filing of the notice of appeal on December 16, 2005, which is clearly not a period spanning 90 days. Our supreme court did not indicate that the notice of appeal filed by the great-uncle and great-aunt should have been held in abeyance pursuant to Rule 4(a)(5), Ala. R. App. P., pending the denial of their postjudgment motion by operation of law on the 90th day after its filing. Thus, based on the statements made by our supreme court in Ex parte A.M.P., this court concluded in both Ex parte W.L.K. and more recently in R.W.S. v. C.B.D., 244 So.3d 987 (Ala. Civ. App. 2017), that a postjudgment motion directed to a judgment in an adoption action must be filed within 14 days of the entry of the judgment and that the probate court must rule upon that motion within 14 days or it is deemed denied by operation of law.
Certainly, I recognize the stepfather's appropriate reliance on § 12-13-11 and the Rules of Civil Procedure. However, the dicta in Ex parte W.L.K. and the holding in R.W.S. is based on a valid interpretation of our supreme court's discussion of the timeliness of the appeal in Ex parte A.M.P. Thus, it is incumbent upon our supreme court to resolve the conflict created by the discussion in Ex parte A.M.P. It may well be that our supreme court never intended to indicate that postjudgment motions in adoption actions are to be filed within 14 days of the entry of the judgment or that such motions are denied by operation of law in only 14 days, despite the fact that such is a reasonable construction given the fact that notices of appeal are required to be filed within 14 days as a means of expediting such appeals, which are, by statutory directive, to be given precedence over other appellate matters because of the immediate need for the resolution of the adoption question. See § 26-10A-26(b) and Comment to § 26-10A-26. To allow postjudgment motions to be filed after the time for an appeal has expired seems nonsensical and, most certainly, would not promote the expedient resolution of an appeal in an adoption case. Still, the stepfather's position in the present case highlights the fact that the times applicable to postjudgment practice in adoption actions are anything but clear. Perhaps the appropriate committee should consider an amendment to the Rules of Civil Procedure or suggest legislative amendments to the probate code or the adoption code to clarify the matter.