This case is before us on a petition for writ of mandamus filed by Herbert E. and Robin B. Thrailkill. Their petition seeks the dismissal for lack of jurisdiction of Jack Davis's appeal to the circuit court from an adverse judgment in the district court. The issue presented for our review is whether the circuit court must dismiss the appeal, which was filed more than fourteen days after entry of the final judgment in the district court.
The Thrailkills sued Davis in district court for breach of contract. Neither side was represented by counsel. The case was tried on September 30, 1988. At the conclusion of the trial, the judge told the parties, in essence, that they would be notified of his decision by mail and that the losing party would have fourteen days in which to appeal. His exact words are disputed by the parties. Later that day, the trial judge entered a judgment against Davis. Copies of the judgment were mailed to the parties on October 3. Davis was out of town at that time; however, the record reflects that his wife telephoned him on October 5 and informed him that the judgment had been received in the mail. He sought counsel on October 17; notice of appeal was filed that day. The Thrailkills filed a motion to dismiss *Page 1202 
the appeal because it was not timely filed with the circuit court. That motion was denied. A motion to reconsider was also denied. They then filed this petition for mandamus to compel the circuit court judge to dismiss the appeal.
Section 12-12-70, Ala. Code 1975 (1986 Repl.Vol.), provides that a party who wishes to appeal from a final judgment of the district court in a civil case must file his notice of appeal within fourteen days from the date of the judgment or denial of a posttrial motion. Davis contends that, nevertheless, he is entitled to an extension of the fourteen-day time period in which to appeal. He argues that he understood the statements made by the trial judge on the day of trial to mean that the losing party would have fourteen days from the date of the receipt of the decision in which to appeal. He also argues that Rule 6(e), Alabama Rules of Civil Procedure, should be applied to extend the statutory period for appeal by three days because the judgment of the district court was mailed to him. We find no merit to either argument.
Davis's misunderstanding of the trial judge's remarks about a clear statute is not a basis upon which any court is authorized to grant relief. Our supreme court stated the following in Meeks v. State Farm Mutual Automobile Ins. Co.,286 Ala. 513, 515, 243 So.2d 27, 28 (1970):
 "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal * * * even to relieve against mistake, inadvertence, accident, or misfortune * * *[.]" (Quoting from Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423 (1943).)
The rules which govern the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat's Auto Parts,504 So.2d 736 (Ala.Civ.App. 1987).
Rule 6(e), A.R.Civ.P., provides that when a party is required to take action "within a prescribed period after the service of a notice . . . upon him" (emphasis added), three days are added to the deadline for his response if the notice is served by mail. In contrast, § 12-12-70 states that a notice of appeal from a district court judgment is to be filed "within 14 days from the date of the judgment" (emphasis added). Rule 6(e) simply does not operate to extend the time allowed for appeal.
The only procedural rule that allows for extension of the time for appeal is Rule 77(d), A.R.Civ.P. That rule authorizes the circuit court to grant relief for failure to file a timely appeal "upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order" (emphasis added). Since Davis learned of the entry of the judgment against him on October 5, Rule 77(d) is not applicable to his failure to file a notice of appeal within the requisite fourteen-day time period.
An appeal is not a vested right, but exists by the grace of a statute or a supreme court rule and must be perfected pursuant to the time and manner prescribed therein.Crawford v. Ray Pearman Lincoln Mercury, 420 So.2d 269
(Ala.Civ.App. 1982). The time prescribed by statute for taking an appeal is jurisdictional; therefore, an untimely appeal must be dismissed. Holmes v. Powell, 363 So.2d 760 (Ala. 1978); Meeks,supra.
Mandamus is a drastic and extraordinary writ which will not be issued unless the petitioner has a clear and indisputable right to a particular result. Ex parte Rudolph, 515 So.2d 704
(Ala. 1987); Ex parte Adams, 514 So.2d 845 (Ala. 1987). We find that the petitioners in this case are entitled to the dismissal of Davis's appeal because it was filed too late.
The writ of mandamus should be granted unless, within fourteen days from the date of this opinion, the circuit judge dismisses Davis's appeal for lack of jurisdiction.
WRIT GRANTED CONDITIONALLY.
ROBERTSON, J., concurs.
HOLMES, P.J., not sitting. *Page 1203