MONROE, Judge.
The defendant appeals from a judgment entered by the circuit court after the plaintiff had appealed from a judgment of the district court. The defendant argues that the circuit court erred in not dismissing the appeal as untimely.
Linda Moore sued Eddie Wallace in the district court, alleging breach of contract, negligence, and breach of warranty in connection with his repair of her automobile. The district court heard the case on May 31, 1995, and entered a judgment for the defendant on that date by making a notation on the case action summary sheet. The trial court gave notice of the judgment to the parties, listing the date of judgment as June 1, 1995. An order rendering judgment for Wallace accompanied that notice and was dated June 1. Moore filed her notice of appeal to the circuit court with the district court clerk on June 15,1995.
The case was tried in the circuit court on November 2, 1995. Wallace moved the court to dismiss the appeal as untimely filed, alleging that Moore had failed to appeal within 14 days, as required by law. The record does not reflect a ruling on this motion, but the circuit court proceeded to conduct a jury trial on Moore’s claim. The jury returned a verdict for Moore for $1,500, and the circuit court entered a judgment accordingly. Wallace appeals.
Wallace asserts that dismissal of Moore’s appeal to the circuit court was mandatory under § 12-12-70, Ala.Code 1975, and that the trial court’s failure to dismiss was error. Section 12-12-70(a) provides that a notice of appeal from the district court judgment must be filed “within 14 days from the date of the judgment.” Wallace correctly points out that the right of an appeal exists “by the grace of a statute or a supreme court rule and must be perfected [in] the time and manner prescribed therein.” Ex parte Thrailkill, 543 So.2d 1201,1202 (Ala.Civ.App. 1989) (citations omitted). Thus, “[t]he time prescribed by statute for taking an appeal is jurisdictional” and “an untimely appeal must be dismissed.” Id.
Moore filed her notice of appeal on June 15, 1995, or 15 days after the district court entered its judgment on May 31 by notation in the case file summary, as allowed by Rule 58, Ala.R.Civ.P. However, in the heading of the ease action summary sheet, the date of judgment is listed as June 1. As previously noted, the court’s notice of the judgment to the parties indicated that the date of judgment was June 1.
While the notice of appeal was filed one day late under the 14-day rule for cases such as this one, the Supreme Court has carved out an exception to the usual strict application of the rule. In Ex parte Tanner, 553 So.2d 598 (Ala.1989), the probate court issued a condemnation order on May 8, 1984, and sent the Tanners a postal card incorrectly notifying them that it had entered its order on May 22.[1] In reliance on that notification, the Tanners filed their notice of appeal on June 19, 1984; the circuit court dismissed the appeal as untimely. The Supreme Court reversed, relying on its earlier decisions in Ex parte State Department of Human Resources, 548 So.2d 176 (Ala.1988), and Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala.1984). The Court held that to deny the Tanners the right to appeal because of the probate court’s erroneous notification would cause an inequitable result, and it added: “Although the probate court was not required to send the Tanners notice, once it *163 did, they were entitled to rely on the date assigned to the [judgment].” Id. at 599.
Thus, because Moore filed her notice of appeal within 14 days of the date of the judgment as indicated on the notification of judgment that she received, the trial court correctly refused to dismiss her appeal as untimely filed. The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J. and THIGPEN, J., concur.

. An appeal from an order of condemnation must be taken within 30 days of the order. § 18-1-20, Ala.Code.1975.