On May 21, 1996, Clarence E. Crayton and Willie Mae Crayton sued Bradley Shea Moser, seeking a deficiency judgment after a foreclosure on a vendor's lien. The Craytons alleged that Moser had accepted a vendor's lien deed, had taken possession of the subject property, and had later defaulted on his obligations under the sale contract. Moser was served with the summons and the complaint on July 17, 1996. On August 28, 1996, the Craytons moved for a default judgment; the court entered a default judgment against Moser that same day. The default judgment was subsequently set aside. On September 20, 1996, the case was reset for disposition and Moser was allowed to answer the complaint. On November 7, 1996, Moser answered and counterclaimed, alleging a breach of contract. On November 13, 1996, the Craytons moved to dismiss the counterclaim; the court did not rule on their motion. On November 14, 1996, the Craytons moved for a physical inspection of the property and for an order compelling Moser to answer various discovery requests; the court granted these requests, specifying that Moser was to respond to the discovery requests or suffer judgment by default.
On December 17, 1996, the Craytons amended the complaint, adding an unlawful detainer claim. The Craytons also sought damages for waste and a judgment quieting title to the property. On February 10, 1997, the Craytons again moved for a default judgment and a dismissal of the counterclaim, based on Moser's alleged "willful failure to comply with discovery and the orders of the court." On February 20, 1997, the court entered a $23,193 default judgment in favor of the Craytons.
On June 12, 1997, Moser's attorney requested permission to withdraw as counsel. The court denied the motion "until such time as [Moser's] address is supplied to the court." On June 19, 1997, Moser moved to set aside the default judgment and for a stay, on the grounds that his attorney had moved his office; that because of the move, notice of the judgment had not been received; and that the property underlying the dispute was the subject of a pending condemnation appeal. The court denied the motion on September 12, 1997.
On October 31, 1997, Moser, through new counsel, moved for relief from judgment, pursuant to Rule 60 (b)(6), Ala. R. Civ. P. Following a hearing attended by Moser's new attorney, the court denied the motion on January 14, 1998.
On March 11, 1998, Moser, through a different attorney, moved for relief, pursuant to Rule 60 (b)(1), from the January 14, 1998, judgment, alleging a lack of notice. Attached to the motion was an affidavit from Moser's former attorney, stating:
 "I never received notice from anyone that [the Rule 60 (b)(6)] motion had been ruled upon by the Court. As a matter of fact my office received no such notice by mail and no such notice in our box at the Clerk's office. My office staff checks our box in the Clerk's office each day and I can certify that this was done every day that the Court was open from the time I filed this motion until the present time. I have received no notice of a ruling in this case from anyone. I now know, . . . that the *Page 698 
Court entered upon the Case Action Sheet an entry that my motion had been denied on January 14, 1998. I had absolutely no knowledge or notice of such a ruling. I received no notice of such ruling from the Clerk of the Court or from the Judge's office. I was therefore unable to advise [Moser] that such a ruling had been made in order that he might protect his right of appeal."
Clerk's offices are unequivocally directed by Rule 77 (d), Ala. R. Civ. P., regarding notice of orders or judgments, as follows:
 "Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by that party's attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."
Moser's March 11, 1998, Rule 60 (b) motion requested an extension of time to perfect an appeal, because of an alleged lack of notice; however, a Rule 60 (b) motion cannot be substituted for the exclusive remedy provided by Rule 77 (d) and thereby used as a method to extend the time in which to appeal.Corretti v. Pete Wilson Roofing Co., 507 So.2d 408 (Ala. 1986). Rule 77 (d) further prevents an alleged lack of notice from being used as grounds for a Rule 60 (b) motion. Id.; Lindstrom. v.Jones, 603 So.2d 960 (Ala. 1992).
The intent of Rule 77 (d) was to allow an out-of-time appeal where fault for the untimely appeal does not lie with the party seeking to appeal. However, we cannot say that Moser was without fault in preserving his rights in this action. There is no indication that Moser's former attorney acted diligently in an effort to keep abreast of the case. The former attorney stated that he had "assumed" that the motion was denied by operation of law because notice of the court's decision had not been mailed to him or placed in his box at the clerk's office. The former attorney further admitted that he had learned of the court's ruling on March 11, 1998 — the same day Moser's new attorney filed a notice of appeal. The present notice of appeal from the January 14, 1998, judgment was not timely filed. Accordingly, this appeal is due to be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.