CRAWLEY, Judge.
Kathleen Mabe Salvant (“the tenant”) leased a house in Mobile from Joann Howell (“the landlord”). Prudential Cooper & Company, Inc., managed the property for the landlord. The lease required the tenant to pay a $1,000 damage deposit. At the end of the lease, Prudential inspected the house and determined that the tenant had caused less than $1,000 damage to the house and that she was entitled to a partial refund of her damage deposit. The landlord disagreed; she claimed that the tenant had caused damage to the house in excess of the damage deposit.
On October 31, 2000, Prudential filed a complaint for interpleader in the district court, naming as defendants the landlord and the tenant and seeking to pay into court the $1,000 damage deposit and to be discharged of any further liability for the funds. On December 14, 2000, the landlord counterclaimed against Prudential, alleging that it had mismanaged the property. The landlord also cross-claimed against the tenant, alleging that she had caused excessive damage to the property and demanding judgment in the amount of $1,000.[1] The tenant answered, denying that she had caused any damage to the leased premises beyond normal wear and tear.
The case was tried on May 30, 2001. The tenant did not appear for trial. After hearing the evidence, the district court ordered the interpleaded funds to be disbursed to the landlord, dismissed the landlord’s counterclaim against Prudential, and entered a judgment for $2,551 in favor of the landlord on her cross-claim against the tenant.
The date on which the tenant received written notice by mail pursuant to Rule 77(d), Ala. R. Civ. P., that a judgment had been entered against her is unclear.[2] It is undisputed, however, that the tenant had actual (oral) notice of the judgment on June 11. The last day to appeal the judgment was June 13. The tenant sent the *121 district court a certified check and a notice of appeal by facsimile transmission. The case action summary sheet reflects that the district court received the tenant’s pro se “appeal application” on June 13 and returned the “application” to her on June 14.
The tenant retained an attorney, who, on June 19, 2001, wrote a letter to the district court judge and filed a motion for relief from the May 30 judgment pursuant to Rule 60, Ala. R. Civ. P. The motion alleged that the tenant, who was living in Delaware, had decided not to come to Alabama for the trial of the case because she had been told by Prudential’s attorney that only her $1,000 damage deposit was at stake and, therefore, she concluded, her travel costs would outweigh the amount at issue; that she contacted Prudential’s attorney after the trial and the attorney informed her that a judgment of $2,551 over and above her damage deposit had been entered against her; that, acting pro se, she attempted to perfect an appeal to the circuit court by faxing a notice of appeal and sending a certified check to the district court clerk; that the clerk informed her that it could not accept a notice of appeal by facsimile transmission and that her check was for the wrong amount; and that, based on her good-faith effort to appeal, she was entitled to relief from the judgment.
On June 21, the district court granted the tenant’s Rule 60 motion, vacated its May 30 judgment, and reentered another judgment; the June 21 judgment was virtually identical to the May 30 judgment. On June 22, the tenant filed a notice of appeal to the circuit court from the district court’s June 21 judgment. On November 6, the landlord moved to dismiss the tenant’s appeal as untimely. On November 8 and December 7, the tenant filed written responses to the landlord’s motion to dismiss the appeal. She argued that the landlord was precluded from raising the propriety of the Rule 60 relief because the landlord had failed to appeal from the district court’s order granting the tenant’s Rule 60 motion. She also argued that the district court did not abuse its discretion in vacating the May 30 judgment.
On March 13, 2002, the circuit court granted the landlord’s motion and dismissed the tenant’s appeal. The tenant filed a “motion to reconsider” the dismissal, attaching, for the first time, an affidavit averring the facts pertinent to her position. The circuit court denied the tenant’s postjudgment motion on April 25, 2002. The tenant appeals. We affirm.
The circuit court’s order dismissing the tenant’s appeal states, in pertinent part:
“Rule 60 was not intended to be used to allow litigants who are confused about their rights or are unfamiliar with the statutes and Rules of Civil Procedure to be excused from them because they come up with a plethora of unsworn reasons as to why they could not adhere to the 14-day appeal time that is required under Code of Alabama 1975, § 12-12-70(a). To allow litigants to step forward when they fail to meet a deadline after admitting they knew they were being sued, and chose not to be in Court .at trial, would create a chaotic system. This would force a trial judge into a position to listen to every excuse, much like a school principal hears excuses from children who are late to school, and determine which are ‘good enough’ to pass Rule 60 muster, and then to set aside a judgment and enter a ‘new judgment’ allowing the litigant to appeal.
“The better rule, in cases such as this, is to strictly enforce the 14-day appeal time. Thus, the Motion to Dismiss Appeal is GRANTED.”

*122
Discussion

Initially, we note that the district court clerk correctly refused to accept the tenant’s facsimile notice of appeal. “The Alabama rules of court do not presently specifically authorize any ‘filings,’ either of notices of appeal or any other documents, by facsimile transmissions.” Ex parte Tuck, 622 So.2d 929, 930 (Ala.1993).
The district court had no authority to grant the tenant’s Rule 60 motion because the tenant alleged no ground for relief under that rule. Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”
The fact that the tenant was unaware that a judgment had been entered against her until June 11 does not constitute “mistake, inadvertence, surprise, or excusable neglect” for purposes of Rule 60(b)(1). Despite — or perhaps because of — the fact that she was not represented by counsel, the tenant bore the responsibility for tracking the progress of the action to which' she was a party.
“[L]ack of counsel is not a valid grounds for setting aside a judgment under Rule 60(b). Porter v. Mobile Pulley & Machine Works, 507 So.2d 529, 530 (Ala.Civ.App.1987).... ‘A party remains under a duty to take the legal steps necessary to protect [her] own interests.’ McDaniel [v. McDaniel, 694 So.2d 34, 36 (Ala.Civ.App.1997)].”
State ex rel. Croson v. Croson, 724 So.2d 36, 38 (Ala.Civ.App.1998). See also Ex parte Wal-Mart Stores, Inc., 725 So.2d 279, 285 n. 5 (Ala.1998); Briscoe v. Briscoe, 600 So.2d 290, 292 (Ala.Civ.App.1992). “ ‘It is well settled that a party, even one acting pro se, is responsible for keeping track of his own case and knowing the status.’ ” Ex parte State ex rel. J.Z., 668 So.2d 566, 571 (Ala.1995) (quoting Ex parte State ex rel. J.Z., 668 So.2d 561, 564 (Ala.Civ.App.1994) (Thigpen, J., dissenting)).
In essence, the tenant’s Rule 60 motion sought an extension of time within which to file her appeal to the circuit court. However, “ ‘Rule 60(b), Ala. R. Civ. P., cannot be substituted for the exclusive remedy provided by Rule 77(d) and thereby used as a method to extend the time within which to appeal.’ ” Hopper v. Sims, 111 So.2d 122, 125 (Ala.Civ.App.2000) (quoting Corretti v. Pete Wilson Roofing Co., 507 So.2d 408, 409 (Ala.1987)). See also Lindstrom v. Jones, 603 So.2d 960, 961 (Ala.1992); Gallo v. Gallo, 741 So.2d 1093, 1095 (Ala.Civ.App.1999).
“Rule 77(d), Ala. R. Civ. P., exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order. That rule provides, in pertinent part, as follows:
*123 “ ‘Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.’ ”
Hopper v. Sims, 777 So.2d at 125. See also Bacon v. Winn-Dixie Montgomery, Inc., 730 So.2d 600 (Ala.1998). Rule 77(d) could provide no basis for relief to the tenant because it is undisputed that the tenant had actual knowledge of the entry of the judgment on June 11, two days before her appeal time ran. Rule 77(d) is not applicable when a party learns of the entry of a judgment before the time for appeal lapses. See Ex parte Thrailkill, 543 So.2d 1201, 1202 (Ala.Civ.App.1989). See also Cline v. Roemer, 97 Idaho 666, 551 P.2d 621 (1976)(indicating that an extension of the time for an appeal under Rule 77(d), Idaho R. Civ. P., is not appropriate when a party has actual notice of the judgment or order before the time for appeal has run).
The tenant’s allegation that she was entitled to relief from the district court’s May 30 judgment because, in deciding not to attend the trial, she relied on information from Prudential’s attorney as to what amount was “at stake” in the trial does not qualify, under Rule 60(b)(3), as “fraud ..., misrepresentation, or other misconduct of an adverse party.”
“One who contends that an adverse party has obtained a verdict through fraud, misrepresentation, or other misconduct (Rule 60(b)(3)) must prove by ‘clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.’ ”
Pacifico v. Jackson, 562 So.2d 174, 179 (Ala.l990)(quoting Montgomery v. Hall, 592 F.2d 278, 279 (5th Cir.1979)). Clearly, Prudential’s attorney did not “prevent” the tenant from presenting her case. To grant relief to the tenant on this basis would be to give a preference under our procedural rules to a pro se litigant who deliberately chooses not to obtain counsel and not to attend his or her own trial. See Ex parte Spriggs Enters., [Ms. 2011279, January 10, 2003] — So.2d -, - (Ala.Civ.App.2002).
“ ‘[R]elief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments.... Rule 60 is no substitute for an appeal and is not available to relieve a party from his failure to exercise the right of appeal.’ ”
Osborn v. Roche, 813 So.2d 811, 818 (Ala.2001) (quoting Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993)).
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs specially.

. Despite the fact that she demanded only $1,000, the landlord attached as an exhibit to her cross-claim a list of repairs she alleged needed to be made to the house amounting to $5,100.

. The tenant's affidavit on “motion to reconsider" avers that she received notice by mail from the district court on June 15, 2001, the day after her time for appeal had run.