DONALDSON, Judge.
Rule 77(d), Ala. R. Civ. P., provides a procedure whereby a party claiming lack of timely notice of the entry of an appeal-able order or judgment may seek an extension of time to appeal. This case presents an unusual procedural scenario in which the Limestone Circuit Court (“the trial court”) granted George H. Johnson and Gloria J.- Johnson’relief ; pursuant to Rule 77(d) by, extending the time to appeal from a judgment permitting a writ ,of execution to be- issued against them in favor of Heath Emerson and Danny Adcock. This court docketed that appeal as appeal- no. 2130842.-. After that appeal was docketed, Emerson and Adcock filed a motion in the trial court essentially asking the trial court to rescind the order-extending the time to appeal. Following a hearing, the trial court entered an order rescinding the order granting the extension of time to appeal. The Johnsons ‘appéaled from that order, and this court dockéted that appeal as appeal no. 2130974. In appeal' no. 2130974, we affirm the'decision o'f the trial court rescinding the extension of time to appeal, and we dismiss' appeal no. 2130842 as being untimely filed.

Fads and Procedural History

The unusual circumstances of this case present a procedural, quagmire. On April 1, 1997, Redstone Federal Credit Union (“Redstone”) sued the Johnsons in.the trial court alleging that the Johnsons had defaulted on payments required to be made under a credit agreement. The trial court entered a consent judgment against the Johnsons on June 9, 1997, in favor of bed-stone in the amount of $27,715.08, plus interest and court costs. Redstone recorded the certificate of judgment in the Limestone Probate Court.
The judgment was not paid, and on May 3,2007,' Redstone filed a motion in the trial court to revive the judgment pursuant to § 6-9-192, Ala.Code 1975,' which provides, in pertinent part, that “[n]o execution shall issue on a judgment ,; on which an execution has not been sued out within 10 years of its entry until the [judgment] has been revived.” The trial court granted the motion to revive the judgment on May 9, 2007. On June 26, 2007, Redstone record *1122 ed the certificate of the revived judgment in the Limestone Probate Court.
On July 25, 2013, Redstone' assigned the judgment to Emerson and Adcock. A document providing notice of the transfer was filed in-the trial court and recorded in the probate court. On July 29, 2013, Emerson and-Adcock filed a motion for a writ of execution of - the judgment against real property owned by the Johnsons. Emerson and Adcock sought execution of the judgment in the amount of. $74,457.11, which they. claimed was the amount due with,the accrual of postjudgment interest and after applying any credits. On August 5, 2013, the trial court granted the motion seeking a writ of execution. The Johnsons filed a petition for relief - in the- United States Bankruptcy Court for the Northern District of Alabama, and the writ of execution was stayed.
The stay was later lifted, and Emerson and Adcock proceeded with collection efforts. On December 18, 2013, the trial court entered an order on the Johnsons’ claim of exemption and directed that the real property not subject to exemption to be sold.
On January 15, 2014, the Johnsons filed a motion that they styled as being filed pursuant to Rule 60(b), Ala. R. Civ. P., seeking to set aside the order granting the motion for a writ of execution. In that motion, the Johnsons argued that the June 9, 1997, judgment should be considered satisfied or discharged and that the order reviving the judgment was void... On March 3, 2014, .the sheriff filed, a return of execution indicating that the designated real property^ had been sold contingent upon the ruling of the trial court on the Johnsons’ pending Rule 60(b) motion. The trial court held .a hearing on the Johnsons’ motion on April 2, 2014. On May 20, 2014, the trial court entered an order denying the Johnsons’ motion and confirming the sheriffs sale of the Johnsons’ property.
On July 3, 2014, 44 days after entry of the May 20, 2014, order, the Johnsons filed a notice of appeal in the trial court. Although they had been represented by counsel during some or all of the aforementioned proceedings, the Johnsons filed the notice, of appeal without counsel, and only Gloria Johnson signed the notice of appeal.[1] The notice of appeal did not contain a completed certificate- of service; however, a notation on the case-action summary indicates that the trial-court clerk sent the notice of appeal to all counsel and all parties on July 9, 2014. The notice of appeal was docketed in this.court on July 14, 2014, and assigned appeal no. 2130842.
On the same day the notice of appeal was filed, the Johnsons filed a copy of the notice of appeal in the trial court along with a document stating: “We, George H. and Gloria J. Johnson respectfully request a motion to accept out-of time appeal. We were not made aware of a ruling by the judge for almost 2, weeks after it was entered due to attorney neglect.” The document did not contain a certificate of service.
On July 15, 2014, the trial-court clerk docketed the Johnsons’ July 3 document attached to the notice of appeal as a “motion to accept an out-of-time appeal.” On July 22, 2014, new counsel entered an appearance' for the Johnsons in the trial court. On that same day, the trial court entered an order stating as follows: “Ordered, MOTION TO ACCEPT OUT OF TIME APPEAL filed by JOHNSON GEORGE H. and JOHNSON GLORIA J. is hereby granted.” (Capitalization in *1123 original.) Emerson and Adcock, did not file a response to the July 3 document filed by the Johnsons before the trial court entered the July 22 order granting the extension of time. On July 24, 2014, the Johnsons, through counsel, filed a motion in the trial court seeking to amend the notice of appeal that had been filed on July 3, 2014, to correct certain information included in the July 3, 2014, notice of appeal and to include other information omitted from that notice. There is no indication that the trial court ruled on that motion.
On July 28, 2014, Emerson and Adcock filed a motion in the trial court that they styled as being filed pursuant to Rule 60, Ala. R. Civ. P., seeking relief from the July 22, 2014, order granting the Johnsons’ motion for án out-of-time appeal. In the motion, Emerson and Adcock argued, among other things, that the Johnsons had failed to show excusable neglect for filing a late notice of appeal as required by Rule 77(d), Ala. R. Civ. P., and that, therefore, the order should be rescinded. On August 20, 2014, the trial court held a hearing on Emerson and Adcock’s motion. At the hearing, the Johnsons, through counsel, stipulated that their former counsel had informed them of the trial court’s May 20, 2014, order on May 30, 2014, and that therefore, at that time, they still had 32 days in which to file a timely notice of appeal. At the conclusion of the hearing, the trial court stated:
“What I’ve got to look at ... is had I looked at Rule 77, and I did not, and had these fact's been known to me I would have absolutely not granted the initial extension because it appears to me they knew of the time they knew of the order and had approximately thirty-two days to act upon it and they didn’t. And I think that door is probably closed. And so, that being the case, right or wrong, I’m going to rescind my order extending the time....”
On August 20, 2014, the trial court entered an order rescinding the July 22, 2014, order granting the Johnsons’ request to extend the time to, appeal. On August 27, 2014, the Johnsons filed a notice of appeal from- the August 20 order, and that appeal was. docketed in this court as appeal no. 2130974. The Johnsons filed a motion to consolidate the appeals, which this court granted. Emerson and Adcock filed a motion .in .this court to dismiss appeal no. 2130842 on the ground, among others, the Johnsons’ notice of appeal was untimely filed.

Discussion

Our analysis bégins with a review of the applicable rules and procedures. The May 20, 2014, order of the trial court was an appealable order. “[A] party may appeal the denial of a Rule 60(b) motion.” Ex parte Keith, 771 So.2d 1018, 1021 (Ala.1998). Pursuant to Rule 4(a)(1), Ala. R.App. P., the Johnsons had 42 days from the entry of that order to file a notice of appeal. Their notice of ’appeal was filed orí July 3, 2014, or 44 days later. Rulé 4(a)(1), however, also provides that a noticé of appeal may be filed “within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules' of Civil Procedure.” Rule 77(d) provides a procedure whéreby the Johnsons could request the trial court to extend the time for appeal. That rule states, in pertinent part, as follows:
“Lack of notice of the entry by the clerk does not’ affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time *1124 now provided for appeals in civil actions.” • - ■
“Rule 77(d), Ala. R. Civ. P., exclusively governs situations in which a party claims lack of ilotice of the entry of a judgment or order.” Hopper v. Sims, 777 So.2d 122, 125 (Ala.Civ.App.2000). In the document filed with the July 3 notice of appeal, the Johnsons claimed they were not “made aware” of the May 20 order until “almost 2 weeks” after the trial court entered the order: On July 15, 2014, the" document was docketed by the trial-court clerk as a Rule 77(d) motion.
Emerson and Adcock did not file anything in opposition to the motion before it was granted seven days later by the trial court without a hearing.’ Our supreme court has held that a party’s “failure to oppose the .trial, court’s order extending the time for appeal precludes appellate review of the merits of that order.” Ex parte S.W.T., 782 So.2d 766, 767 (Ala.2000). See, e.g., Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (holding that arguments presented for the ñrst time on appeal cannot be considered). In S.W.T., the party opposing the extension of time never filed an opposition to the extension at any point in the trial court. In this case, however, Emerson and Adcock promptly filed a motion on July 28, 2014, asking the trial court to reconsider and to vacate the trial court’s July 22, 2014, order extending the time for appeal.[2] Therefore, unlike S.W.T., Emerson and Adcock presented the trial court with their arguments and, thus, are not precluded from ’ presenting those arguments on appeal.
The next question is whether the trial court lost jurisdiction to reconsider the order granting the extension of time. It is well settled that “[t]he timely filing of a notice of appeal invokes the jurisdiction of an appellate court and divests the trial court of jurisdiction to act except in matters entirely collateral, to the appeal.” Harden v. Laney, 118 So.3d 186, 187 (Ala.2013). Although it addresses a. rule of procedure applicable to federal courts that is not identical to Rule 77(d), we find analytical guidance on this issue in the decision of the United States Court of Appeals for the Third, Circuit,in RCA Corp. v. Local 241, International Federation of Professional & Technical Engineers, AFL-CIO, 700 F.2d 921 (3d Cir.1983), in which the court addressed whether a federal district court had jurisdiction to vacate an order granting a party an extension of time to appeal after the appeal had been docketed by the appellate court. In RCA Corp., the cross-appeliant failed to file a notice of appeal. within the time prescribed by Rule 4(a)(3), Fed. R.Ápp. P. Three weeks after the time in which an cross-appeal was to be filed, the cross-appellant filed a motion in the district court pursuant to Rule 4(a)(5), Fed. R.App. P., seeking an extension of time to file a cross-appeal. The cross-appellant misstated in its motion seeking the extension that it had not received the appellant’s notice of appeal until after the. time to file a cross-appeal had elapsed. The appellant’s opposition to the cross-appellant’s motion, to extend the time to appeal was not delivered to the district court because of a clerical error. The district court granted *1125 the cross-appellant’s motion to extend the time to cross-appeal, and a notice of appeal was filed. Eleven days after the district court granted the cross-appellant’s motion, the appellant filed a motion in the district court asking it to reconsider and to vacate the order granting the extension of time. One month later, the district court vacated the order granting the extension. The cross-appellant then appealed that order to the Third Circuit Court of Appeals. In its decision affirming the district court’s actions, that court stated:
“The central question which underlies these ... appeals is whether the filing of a notice of appeal by - a party divests a trial judge of jurisdiction.
“In United States v. Leppo, 634 F.2d 101, 104 (3d Cir.1980), Judge Aldisert, writing for a unanimous court, explained:
“ ‘[O]rdinarily the trial court loses its power to proceed once a party files a notice of appeal. [Citations omitted]. This rule is not based on statutory provisions or the rules of procedure. Rather, it is a judge-made rule designed to avoid confusion or waste of time that might flow from putting the same issues before two eourts at the same time. As Professor Moore has observed, the rule “should not be employed to defeat its purpose or to induce needless paper shuffling.” 9 J. Moore, Federal Practice § 203.11 at 3-44 n. 1 (1980); see C. Wright, A. Miller, E. Cooper, & E. Gressman, Federal Practice, and Procedure § 3949, at 358-59 (1977) (emphasis added.)’
[[Image here]]
“We agree with Judge Aldisert’s reasoning in Leppo, 634 F.2d at 104, that the rule which requires a trial judge to divest himself of a case once a party has filed a notice of. appeal ‘should not be employed to defeat its purpose or to induce unnecessary paper shuffling.’ Id.
“In the instant case the trial judge vacated the [order granting an extension of time for appeal] because he had relied upon misrepresentations by [the cross-appellant’s] counsel and because he erroneously believed [the cross-appellant’s] motion.was unopposed. Because of the unusual nature of these circumstances, we hold-that the trial court had the jurisdiction to vacate its [order granting an- extension of time] and thereby deny [the cross-appellant], retroactively, an extension of time in which to file a notice of appeal_”
Id. at 924.
 Similarly, our Rule 77(d) vests the trial court, not ail appellate court, with the authority to determine whethér to grant an extension of time to appéal. Accordingly, the trial court' should not be divested of jurisdiction to reconsider its decision to grant an extension of time to appeal when it is appropriate to dó so and when the request to reconsider is timely submitted. In the present case, despite the docketing of the notice of appeal in this court and despite the expiration of the 30-day extension period prescribed by Rule 77(d) at the time it' entered its August 20, 2014, order, the trial court’s reconsideration of its order to extend the Johnsons’ time for appeal was proper.
We note that in Altmayer v. Stremmel, 891 So.2d 305, 308 (Ala.2004), our supreme court held that a trial court loses jurisdiction to grant a party’s motion to extend the time for appeal under Rule 77(d) after expiration of the 30-day extension period prescribed by that rule. This is evident by the language of the rule, which limits the time in which an extension;can be granted to 30 days beyond the ordinarily mandated time. In this case, the trial court did not purport to grant the time to extend the appeal but, rather, rescinded an order doing so.
*1126 We next turn to the question whether the trial court exceeded its discretion in rescinding the order granting the Johnsons an extension of time to file a notice of appeal.[3]
“Rule 77(d), exclusively, governs the situation in which a litigant claims that the clerk’s office failed to give notice of the entry of the trial court’s judgment. Lindstrom v. Jones, 603 So.2d 960 (Ala.1992). ‘The intent of Rule 77(d) was to allow an out of time appeal where fault for the untimely appeal does not lie with the party seeking to appeal.’ ”
W.T.M. v. Department of Human Res., 736 So.2d 1120, 1121 (Ala.Civ.App.1999) (quoting Moser v. Crayton, 726 So.2d 696, 698 (Ala.Civ.App.1998)). This court has held that “Rule 77(d) is not applicable when a party learns of the entry of a judgment before the time for appeal lapses.” Salvant v. Howell, 854 So.2d 118, 123 (Ala.Civ.App.2003). The Johnsons do not contend that the trial-court clerk failed to notify them of the May 20, 2014, order, and the record establishes that notice of the May 20, 2014, order was provided in a timely manner to their former counsel. The record shows that the Johnsons became aware of the order with 32 days remaining to file a notice of appeal. The Johnsons failed to articulate how neglecting to file a notice of appeal within that 32-day period was excusable. As this court has noted, “[r]ules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.” Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890 (Ala.Civ.App.1991).
“A pro se litigant is not exempt from procedural rules merely because of an unfamiliarity with them. See Asam v. Devereaux, 686 So.2d 1222 (Ala.Civ.App.1996). ‘[T]he rules governing the operation of the courts of' this state are no more forgiving to "a pro se litigant than to one represented by counsel.’ Id. at 1223.”
Walker v. Blackwell, 800 So.2d 582, 588 (Ala.2001).
Because the Johnsons failed to show that excusable neglect existed to justify an extension, of the time for filing a notice of appeal, and because the trial court could reconsider the issue based on the prompt filing of the motion to reconsider, we affirm the trial court’s order of August 20, 2014 (appeal no. 2130974). Accordingly, we conclude that the Johnsons’ notice of appeal to this court in appeal ho. 2130842 was untimely filed. We dismiss appeal no. 2130842.

Conclusion

For the foregoing reasons, we affirm the trial court’s order of August 20, 2014, in appeal no. 2130974, and we dismiss appeal no. 2130842.
2130842 — APPEAL DISMISSED.
2130974 — AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Based on our disposition of the'se appeals, we need not address the failure of George Johnson to sign the notice of appeal.

. Although Emerson and Adcock’s motion was styled as a motion for relief pursuant to Rule 60(b), the motion was not cognizable under any of the grounds enumerated in Rule 60(b). Rather, Emerson and Adcock’s motion is best considered as a motion requesting the trial court to reconsider the July'22, 2014, order. "A motion to reconsider is generally a request that the trial court take a second look at what hás already come before it..." Ex parte Ward, 46 So.3d 888, 893 (Ala.2007). See T.K.W. v. State Dep't of Human Res. ex rel. J.B., 119 So.3d 1187, 1194 (Ala.Civ.App.2013) (noting that a motion ’should be interpreted according to its substance).

. A holding that a party must present an objection to a request of extension to the trial court before the entry of an order granting the extension of time would not account for situations in which there was no meaningful opportunity to do so. In exercising its discretion whether to rescind an order granting an extension of time to appeal, however, the trial court could consider factors such as whether the objecting party waived the issue by failing to promptly challenge the order, whether costs have been incurred in preparation of the appeal, etc.