DONALDSON, Judge.
An order denying a motion filed under Rule 77(d), Ala. R. Civ. P., seeking permission to file an out-of-time notice of appeal is appealable. See, e.g., Johnson v. Emerson, 185 So.3d 1120 (Ala.Civ.App.2015). In this case, J.D. (“the father”) appeals from a judgment entered by the Morgan Probate Court (“the probate court”) granting the petition of M.B. (“the stepfather”) to adopt J.E.E. (“the child”), the father’s child. However, the father did not file a timely notice of appeal from that judgment. Furthermore, we conclude, that the father did not properly appeal from the probate court’s denial of his request for an extension of time to file a notice of appeal pursuant to Rule 77(d), Ala. R. Civ. P. Accordingly, we dismiss the father’s appeal.
Background
On April 20, 2015, the stepfather filed a petition in the probate court seeking to adopt the child. V.B. (“the mother”), the child’s mother and the stepfather’s wife, filed a written consent to the stepparent adoption. In the petition, the stepfather alleged that the father “has not maintained a significant parental relationship with the minor child for over six months,” that the *708 father “has knowingly left the minor child without support or communication,” and that “[tjhe best interest of the minor child will- be served by the' adoption.” On the same day the petition was filed, the probate court appointed a -guardian ad litem for the child. On July 13, 2015, the father, through counsel, filed a response to the petition stating that he did not consent to the adoption. On August 17, 2015, the probate court held a trial on the adoption petition, at which the mother, the stepfather, and the father testified.
On August 27, 20Í5, the guardian ad litem for the child filed a report recommending that the probate court find that the father had impliedly consented to the adoptio.n. The guardian ad litem’s report was recorded in the probate-court records on September 1, 2015. On that same day, the probate court entered a judgment granting the stepfather’s petition to adopt the child (“the adoption judgment”).[1] The probate court concluded that the father had abandoned the child and that he had impliedly consented to the adoption pursuant to § 26-10A-9, Ala.Code' 1975. No party filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., and no notice- of appeal was filed by any party within 14 days of entry of the judgment pursuant to § 26-10A-26, Ala.Code 1975.
On October 8, 2015, the father, through new counsel, filed a motion in the probate court pursuant to Rule 77(d) (“the Rule 77(d) motion”) seeking to extend:the time for filing a notice of appeal from the adoption judgment.[2] In the Rule 77(d) motion, the father contended that neither he nor; his former attorney had received notice of the rendition or entry of the adoption judgment and, therefore, that he had been unable to file a timely notice of appeal from the adoption judgment. The father argued that his former attorney was notified of the adoption judgment on September 25, 2015, only after the attorney inquired as to the status of the case. The father did not attach any evidentiary exhibits or other supporting documentation to the Rule 77(d) motion. On the same day the Rule 77(d) motion was filed, the probate court entered an order setting a deadline of October 13, 2015, for the parties to submit any additional motions, responses, filings, and/or documentation relating to the Rule 77(d) motion. The.father did not present any additional motions or materials before that deadline.
On October 9, 2015, 38 days after entry of the adoption judgment but before the probate court ruled on the Rule 77(d) motion, the father filed a notice of appeal specifically directed to the adoption judgment. The notice of appeal is dated Octo *709 ber 9, and it was stamped as having been filed by the probate court on that same day. The notice of appeal, however, was not immediately transmitted to this court as required by Rule 3(d)(1), Ala. R.App. P.[3] Another stamp on the notice of appeal shows that it was recorded in the probate-court records on November 4,2015.
On October 13, 2015, the stepfather filed a response to the father’s Rule 77(d) motion, observing that the father’s only argument in support of his Rule 77(d) motion was that he did not receive notice of the adoption judgment. The stepfather argued that the father had failed to demonstrate excusable neglect based on his alleged failure to learn of the adoption judgment. The stepfather also argued that the granting of the extension of time to file an appeal would not be in the best interests of the child. On October 14, 2015, the probate court entered an order denying the father’s Rule 77(d) motion. The father did not file a notice of appeal directed to the October 14, 2015, order of the probate court denying his motion to file an out-of-time appeal. On November 4, 2015, the probate court forwarded the October 9 notice of appeal to this court. On November 6, 2015, this court docketed the notice of appeal as appeal no. 2150129.
Discussion
The father raises two issues on appeal: (1) that the probate court incorrectly determined that he was not entitled to an extension of time to file a notice of appeal under Rule 77(d) and (2) that the probate court lacked clear and convincing evidence to support a finding that the father had consented to the stepfather’s adoption of the child.
As a threshold matter, we must determine whether this court has jurisdiction to decide the questions presented by the father. “The timely filing of the notice of appeal is a jurisdictional act.” Thompson v. Keith, 365 So.2d 971, 972 (Ala.1978), “Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (citing City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606 (1958), and Payne v. Department of Indus. Relations, 423 So.2d 231 (Ala.Civ.App.1982)). An appeal from a judgment of adoption must be filed within 14 days of entry of that judgment by the probate court. § 26-10A-26(a). Rule 4(a)(1), Ala. R.App. P., provides that a notice of appeal may be filed “within the time allowed by an extension pursuant to Rule 77(d), Alabama Rules of Civil Procedure.” Rule 77(d) states, in pertinent part:
“Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the [trial] court in any action may extend the time for *710 appeal not exceeding thirty (80) days from the expiration of the original time now provided for appeals in civil actions.”
“Rule 77(d), Ala. R. Civ. P., exclusively governs situations in which a party claims lack of notice of the entry of a judgment or order.” Hopper v. Sims, 777 So.2d 122, 125 (Ala.Civ.App.2000).
A trial court’s decision to grant or to deny an extension of time for filing a notice of appeal pursuant to Rule 77(d) is renewable on appeal. See, e.g., Johnson, 185 So.3d at 1124. When relief under the rule is granted by a trial court, Rule 77(d), in conjunction with Rule 4(a)(1), contemplates that the party seeking the extension shall file the notice of appeal within the period prescribed by the trial court, which period, pursuant to Rule 77(d), shall not extend beyond 30 days from the date when the notice of appeal was originally required to be filed. Thereafter, the opposing party may raise as an issue on appeal the trial court’s decision to grant the extension. See, e.g., Altmayer v. Stremmel, 891 So.2d 305 (Ala.2004). When the trial court denies a party’s request for an extension of time to file a notice of appeal, however, Rule 77(d) and Rule 4(a)(1) are silent as to how a party may appeal that decision.
This court has previously recognized that the denial of a motion for relief from a final judgment pursuant to Rule 60(b), Ala. R. Civ. P., “is, under Alabama law, itself a final judgment that will independently support an appeal.” Food World v. Carey, 980 So.2d 404, 406 (Ala.Civ.App.2007). Similarly, we conclude that a denial of motion filed pursuant to Rule 77(d) seeking an extension of time to file a notice of appeal is, itself, an appealable order. See, e.g., Johnson, supra. Accordingly, a party seeking review of an order denying a motion filed pursuant to Rule 77(d) must file a timely notice of appeal from that order. See, e.g., Johnson, supra.
In the present case, the father had 14 days from the date of the entry of the adoption judgment, or September 15, 2015, to file a notice of appeal. See § 26-10A-26. He did not file a notice of appeal before that date. On October 8, 2015, the father filed a timely motion pursuant to Rule 77(d) seeking an extension of time to file a notice of appeal and claiming that, because of excusable neglect, his attorney did not learn of the entry of the adoption judgment until after the time for filing a notice of appeal had expired. A day after filing the Rule 77(d) motion, the father filed a notice of appeal from the adoption judgment. At that time, the probate court had not addressed his Rule 77(d) motion and had not authorized an extension of time for filing the notice of appeal.
Rule 4, Ala. R.App. P., recognizes circumstances under which a prematurely filed notice of appeal will be held in abeyance pending further action of the trial court. Rule 4(a)(4) provides that “[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof.” Rule 4(a)(5) states that
“[a] notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.”
We are unaware of any authority providing that a notice of appeal that is filed while a Rule 77(d) motion is pending, but which is *711 otherwise untimely, will be held in abeyance pending a trial court’s ruling on the motion filed pursuant to Rule 77(d). Furthermore, the father’s October 9, 2015, notice of appeal was directed only to the adoption judgment. Although Rule 3(c), Ala. R.App. P., provides that “designation of judgment or order [on the notice of appeal] shall not ... limit the scope of appellate review,” we cannot conclude that the father’s notice of appeal could be held in abeyance, pending a ruling on his Rule 77(d) motion, so as to also function as a notice of appeal from the probate court’s October 14, 2015, order denying his Rule 77(d) motion.
Therefore, to invoke this court’s jurisdiction to review the propriety of the denial of his Rule 77(d) motion, the father was required to file a notice of appeal from the probate court’s October 14, 2015, order. As noted above, § 26-10A-26(a) provides that a party has 14 days to file an appeal from a final judgment of adoption. The October 14, 2015, order was not a final judgment of adoption from which an appeal must be taken within 14 days. “Rather, it is a separate final judgment from which an appeal lies and to which the 14-day prescriptive period of § 26-10A-26(a) does not apply.” J.B.M. v. J.C.M., 142 So.3d 676, 682 (Ala.Civ.App.2013). Pursuant to Rule 4(a)(1), Ala. R.App. P., the father had 42 days to file a notice of appeal from the October 14, 2015, order. He did not do so. Therefore, we conclude that the father has not timely or properly appealed from that order, and this court lacks subject-matter jurisdiction to review his arguments concerning the denial of his Rule 77(d) motion. Furthermore, we conclude that the father’s October 9, 2015, notice of appeal from the adoption judgment is untimely. Therefore, this court lacks subject-matter jurisdiction to consider the merits of the father’s appeal of the adoption judgment. Accordingly, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. •: Rule 58(d), Ala, R. Civ, P„ pertaining to the entry of a judgment in the probate court, provides:
"Upon rendition of an order or a judgment in the probate court as provided in subdivision (a)(l)-(4) of this rule, the judge or clerk of the probate' court shall forthwith enter such order or judgment in the court record.' The entry of the judgment or order shall not be delayed for the taxing of costs. Interest upon a judgment runs from the date the probate court renders the judgment.”

. The Alabama Rules of Civil Procedure "apply to the-probate court in adoption proceedings to the extent they apply under Section 12-13-12L Ala.Code 1975]'.”- § 26-10A-37, Ala.Code 1975. Section 12-13-12, Ala.Code 1975, provides:
"The provisions of this code in reference to evidence, pleading and practice, judgments and orders in the circuit court, so far as the same are appropriate, and the mode of obtaining evidence by oral examination or by deposition and of compelling the attendance of witnesses and of enforcing orders and judgments, in the absence of express provision to the contrary, are applicable to the proceedings in the probate court.”

. Rule 3(d)(1), Ala. R.App. P., provides, in part:
“In civil cases, the clerk of the trial court shall, on the date the notice of appeal is filed, serve a true copy of the notice of appeal, or any amendment thereto, as required in (a)(1) above, personally or by mailing a copy thereof to each of the following: the clerk of the appropriate appellate court; the court reporter who reported the evidence; counsel of record for each party, or, if a party is not represented by counsel, to the party at the party’s last known address. Service shall be sufficient notwithstanding the death of the party or the party's counsel. . In civil cases, the copy of the notice of appeal to the clerk of the appellate court will be accompanied by payment of the docket fee as provided in Rule 35(A)(1)[, Ala. R.App. P.].”