Rel: March 3, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0927

_____

### J.A. f/k/a J.A.H.

### v.

### C.G.H. and M.C.H.

### Appeal from Jefferson Probate Court
### (18BHM01915)

THOMPSON, Presiding Judge.

On August 13, 2018, C.G.H. ("the maternal great-uncle") and M.C.H. ("the maternal great-aunt") filed in the Jefferson Probate Court ("the probate court") a petition seeking to adopt E.G.S. ("the child"), who was born in May 2009. In their petition, the maternal great-aunt and

great-uncle alleged that the child had been living in their home since March 1, 2018. They also asserted that, pursuant to a 2015 judgment of the Jefferson Juvenile Court, the child's maternal grandmother, M.W. ("the maternal grandmother"), had been awarded custody of the child. The petition did not contain an explanation indicating why the child no longer lived with the maternal grandmother. On September 4, 2018, the probate court entered an order awarding custody of the child to the maternal great-aunt and great-uncle.

On March 12, 2019, the probate court made an entry on the "docket entry listing" for the adoption action stating that the petition for the adoption was granted but that a final judgment would not be entered until the probate court "receive[d] all of the missing paperwork, which includes proof of service to both birth parents at their [last known address], an affidavit perfecting service," and a response by the Jefferson County Department of Human Resources. On May 1, 2019, the probate court entered a judgment granting the adoption petition.

Thereafter, on July 11, 2019, the child's mother, J.A. ("the mother"),[1] filed in the probate court a verified motion seeking to set aside the May 1, 2019, adoption judgment; in that motion, the mother alleged that she had not been provided adequate notice of the adoption action, and, therefore, that the May 1, 2019, adoption judgment was void. Although the mother titled her motion "motion to set aside," because of the nature of the arguments asserted in the mother's July 11, 2019, motion, that motion was, in substance, a motion filed pursuant to Rule 60(b)(4), Ala. R. Civ. P. See C.S. v. J.B., 305 So. 3d 243, 246 (Ala. Civ. App. 2020) ("We begin by observing that the father's motions, because they challenge service of process and seek a determination that the adoption judgments are void for lack of proper service of process, are motions filed pursuant to Rule 60(b)(4)[, Ala. R. Civ. P.]"); and K.M.G. v. B.A., 73 So. 3d 708, 711 (Ala. Civ. App. 2011) (noting that the substance of a motion, rather than its title, governs how this court interprets the motion). The probate court received ore tenus evidence at a hearing on February 22, 2022, on the mother's July 11, 2019, motion. On June 30,

---

[1]The mother testified that, when the child was born, her name was J.A.H., but that she had legally changed her name to J.A. approximately one year after the child's birth.

3

2022, the probate court entered a judgment denying the mother's Rule 60(b) motion seeking relief from the adoption judgment.

The time for filing a timely notice of appeal from the denial of a Rule 60(b) motion that seeks relief from an adoption judgment is 42 days. J.B.M. v. J.C.M., 142 So. 3d 676, 682 (Ala. Civ. App. 2013). In that case, this court explained:

> "The plain text of § 26-10A-26(a)[, Ala. Code 1975,] provides that an aggrieved party has 14 days to file an appeal from the final judgment of adoption. The denial of a Rule 60(b)[, Ala. R. Civ. P.,] motion pertaining to a case governed by the Alabama Adoption Code[, § 26-10A-1 et seq., Ala. Code 1975,] is not a final judgment of adoption from which an appeal must be taken within 14 days. Rather, it is a separate final judgment from which an appeal lies and to which the 14-day prescriptive period of § 26-10A-26(a) does not apply. Therefore, the period for filing a notice of appeal from the denial of a Rule 60(b) motion pertaining to an adoption proceeding before the probate court is 42 days pursuant to Rule 4(a)(1), Ala. R. App. P.[4]
>
> "_____
>
> "[4]Rule 4(a)(1), Ala. R. App. P., provides, with limited exceptions, that a notice of appeal to this court must be filed within 42 days of the date of the entry of the judgment appealed from."

J.B.M. v. J.C.M., 142 So. 3d at 681-82. See also K.L.R. v. K.G.S., 264 So. 3d 65, 86 (Ala. Civ. App. 2018); and J.D. v. M.B., 226 So. 3d 706, 711 (Ala. Civ. App. 2016).

4

In this case, the mother's notice of appeal from the June 30, 2022, judgment denying her Rule 60(b) motion was required to have been filed by August 11, 2022, which was 42 days after the entry of that judgment. Rule 4(a)(1), Ala. R. App. P.; J.B.M. v. J.C.M., supra; K.L.R. v. K.G.S., supra; J.D. v. M.B., supra. The mother did not file a notice of appeal by that date. Rather, on August 4, 2022, within the period in which to appeal, the mother filed in the probate court a verified motion, purportedly pursuant to Rule 77(d), Ala. R. Civ. P., in which she sought an order extending the time in which she could appeal the June 30, 2022, judgment.[2] In that motion, the mother's attorney stated that the mother's

---

[2]Rule 77(d), Ala. R. Civ. P., is applicable in probate courts. Ex parte C.D., [Ms. 2210248, Nov. 18, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022); J.D. v. M.B., supra. This court has explained:

"The Alabama Rules of Civil Procedure 'apply to the probate court in adoption proceedings to the extent they apply under Section 12-13-12[, Ala. Code 1975].' § 26-10A-37, Ala. Code 1975. Section 12-13-12, Ala. Code 1975, provides:

"'The provisions of this code in reference to evidence, pleading and practice, judgments and orders in the circuit court, so far as the same are appropriate, and the mode of obtaining evidence by oral examination or by deposition and of compelling the attendance of witnesses and of enforcing orders and judgments, in the absence of

5

attorney had first received notice of the June 30, 2022, judgment on July 29, 2022, which, she incorrectly stated, meant that the time for filing a timely appeal of the June 30, 2022, judgment had already expired. In her August 4, 2022, motion, the mother sought to be allowed until August 12, 2022, to file a timely notice of appeal. The probate court entered an order on August 9, 2022, purporting to grant the mother's August 4, 2022, motion and purporting to extend the time for the mother to appeal to August 12, 2022. The mother filed her notice of appeal on August 12, 2022.

Rule 77(d) provides, in part:

"Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions."

---

express provision to the contrary, are applicable to the proceedings in the probate court.'"

J.D. v. M.B., 226 So. 3d at 708 n.2.

Although Rule 77(d) is a mechanism for filing a timely appeal if a party did not receive notice of the entry of a judgment, that rule does not operate to extend a party's time for taking an appeal if the party learns of the entry of the judgment prior to the expiration of the time for taking a timely appeal from that judgment. Salvant v. Howell, 854 So. 2d 118, 123 (Ala. Civ. App. 2003). This court has explained:

> "'Rule 77(d), [Ala. R. Civ. P.,] exclusively, governs the situation in which a litigant claims that the clerk's office failed to give notice of the entry of the trial court's judgment. Lindstrom v. Jones, 603 So. 2d 960 (Ala. 1992). "The intent of Rule 77(d) was to allow an out of time appeal where fault for the untimely appeal does not lie with the party seeking to appeal."'
>
> "W.T.M. v. Department of Human Res., 736 So. 2d 1120, 1121 (Ala. Civ. App. 1999) (quoting Moser v. Crayton, 726 So. 2d 696, 698 (Ala. Civ. App. 1998)). This court has held that 'Rule 77(d) is not applicable when a party learns of the entry of a judgment before the time for appeal lapses.' Salvant v. Howell, 854 So. 2d 118, 123 (Ala. Civ. App. 2003)."

Johnson v. Emerson, 185 So. 3d 1120, 1126 (Ala. Civ. App. 2015). See also Ex parte Thrailkill, 543 So. 2d 1201, 1202 (Ala. Civ. App. 1999).

In this case, the mother's Rule 77(d) motion states that she learned on July 29, 2022, of the entry of the June 30, 2022, judgment denying her Rule 60(b) motion. It appears that the mother mistakenly believed that

7

she had only 14 days to appeal the June 30, 2022, judgment. However, that mistake would not constitute excusable neglect under Rule 77(d). "[A] litigant's miscalculation of the last day for filing a notice of appeal, no matter how innocent or understandable, is not the kind of neglect excused under Rule 77(d)," and, therefore, the probate court "was without the power to grant … an extension of time to file [the] notice of appeal." Greystone Close v. Fidelity & Guar. Ins. Co., 664 So. 2d 900, 902 (Ala. 1995).

In Smith v. Smith, 919 So. 2d 315 (Ala. Civ. App. 2005), the former husband misread the date on which the trial court entered a postjudgment order, and, therefore, he filed a notice of appeal that was two days late. In his Rule 77(d) motion in that case, the former husband argued that the date stamp was difficult to read, and, therefore, his mistake constituted excusable neglect in determining the actual date of the entry of the postjudgment order. The former wife cross-appealed from the trial court's granting of the husband's Rule 77(d) motion, arguing that Rule 77(d) did not apply to the miscalculation of a deadline to file an appeal. This court agreed with the former wife and dismissed both the appeal and the cross-appeal, explaining:

8

> "'Rule 77(d)[, Ala. R. Civ. P.,] does not permit the trial court to extend the time for appeal for any reason other than <u>failure to learn of entry of the judgment</u>' or order from which an appeal is taken. Deborah A. Smith & Rhonda P. Chambers, 'The Nuts and Bolts of Civil Appeals,' 56 Ala. Lawyer 304, 305 (Sept. 1995) (emphasis added). Here, counsel for the former husband did not fail to learn of the entry of the judgment -- instead, her agent miscalculated the final date for filing a notice of appeal based upon her unilateral interpretation of a digit produced by a filing stamp. As our Supreme Court has held, 'a litigant's miscalculation of the last day for filing a notice of appeal, no matter how innocent or understandable, is not the kind of neglect excused under Rule 77(d).' <u>Greystone Close v. Fidelity & Guar. Ins. Co.</u>, 664 So. 2d 900, 902 (Ala. 1995)."

<u>Smith v. Smith</u>, 919 So. 2d at 317.

The mother learned of the entry of the June 30, 2022, judgment within the 42 days allowed for taking a timely appeal from that judgment. Rule 4(a)(1); <u>J.B.M. v. J.C.M.</u>, supra. Therefore, because the mother learned of the entry of the June 30, 2022, judgment during the time in which she could file a timely appeal of that judgment, Rule 77(d) was not available to extend the time for the mother to file her notice of appeal. <u>Salvant v. Howell</u>, supra. The probate court's order purporting to allow the mother until August 12, 2022, to file a timely notice of appeal was ineffective.

The mother's notice of appeal was required to have been filed by August 11, 2022, to be timely taken from the June 30, 2022, judgment. The mother filed her notice of appeal on August 12, 2022, one day late.

> "An appeal is not a vested right, but exists by the grace of a statute or a supreme court rule and must be perfected pursuant to the time and manner prescribed therein. Crawford v. Ray & Pearman Lincoln Mercury, 420 So. 2d 269 (Ala. Civ. App. 1982). The time prescribed by statute for taking an appeal is jurisdictional; therefore, an untimely appeal must be dismissed. Holmes v. Powell, 363 So. 2d 760 (Ala. 1978); Meeks [v. State Farm Mutual Automobile Ins. Co., 286 Ala. 513, 243 So. 2d 27 (1970)]."

Ex parte Thrailkill, 543 So. 2d at 1202. "An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Rule 2(a)(1), Ala. R. App. P. Therefore, the mother's appeal is due to be dismissed.

APPEAL DISMISSED.

Moore, Edwards, Hanson, and Fridy, JJ., concur.