THOMPSON, Presiding Judge.
Robin Mousseau filed in the Calhoun Probate Court (“the probate court”) á petition to be appointed as the guardian or conservator of her mother, Christine Brad-berry. Gladys Wigley, who is Mousseau’s sister and also Bradberry’s daughter, counterclaimed in the probate court by filing a competing petition seeking to be. appointed Bradberry’s guardian.
On April 6, 2015, the probate court entered a judgment denying Mousseau’s petition and granting Wigley’s petition,[1] Mous-seau filed a notice of appeal to the Calhoun Circuit Court (“the circuit court”) on May 26,2015. ■
On November 9, 2015, Wigley moved the circuit court to dismiss Mousseau’s appeal from the probate court’s judgment on the ground that the appeal was untimely. Wig-ley also 'sought a dismissal on the ground that Mousseau had failed to properly give security for her appeal to the circuit court. Mousseau opposed the motion to dismiss.
• On March 8, 2016, the circuit court entered a judgment finding that Mousseau’s appeal from the probate court’s judgment had not been timely filed, and it dismissed the appeal.[2] Mousseau filed a timely post-judgment motion on April 7, 2016, and she attached an affidavit to that motion. Mous-. seau filed-.a notice of appeal on April 14, 2016. That notice of appeal was deemed held in abeyance until either the circuit court ruled on the postjudgment motion or that motion was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Rule 4(a)(5), Ala, R. App. P. (“A notice of appeal filed after the entry of the judgment but before the disposition of all post-judgment motions filed pursuant to Rule 50, 52, 55, and 59, Alabama Rules of Civil Procedure, shall be held.in abeyance until all post-judgment motions filed pursuant to Rules 50, 52, 55, and 59 are ruled upon; such a notice of appeal shall become effective upon the date of disposition of the last of all such motions.”). The circuit court did not enter an order on Mousseau’s post-judgment motion, and that motion was denied' by operation of law on July 6, 2016. Rule 59.1, Ala. R. Civ. P. The notice of appeal became effective on that date. Rule *75 4(a)(5), Ala. R. App. P.; Carter v. Carter, 110 So.3d 382, 382-83 (Ala. Civ. App. 2012).
Mousseau does not dispute that she failed to timely file her appeal to the circuit court from the April 6, 2015, probate-court judgment within the required 42 days of the entry of that judgment, i.e., by May 18, 2015. See Eldridge v. Eldridge, 25 So.3d 29, 31-32 (Ala. Civ. App. 2009); § 12-22-21, Ala. Code 1975 (providing for appeals to circuit courts from probate-court judgments); and Rule 4(a), Ala. R. App. P. (providing that an appeal must be taken within 42 days of the entry of a judgment). Rather, in opposing Wigley’s motion to dismiss in the circuit court, Mousseau argued that the probate-court clerk had not mailed her a copy of the April 6, 2015, judgment immediately following the entry of the judgment and that, when her attorney learned of the entry of the probate court’s judgment, the probate court-clerk refused to provide a copy of the judgment until Mousseau paid her outstanding court costs. Mousseau alleged that she paid those costs and received a copy of the probate court’s April 6, 2015, judgment on May 13, 2015. Mousseau contended in her initial, November 10, 2016, response to the motion to dismiss filed in the circuit court that the circuit court should apply principles of equity to afford her additional time to appeal from the probate court’s judgment. Mousseau filed in the circuit court a second opposition to the motion to dismiss on November 11, 2016, in which she contended that the circuit court could grant her additional time to appeal under Rule 77(d), Ala. R. Civ. P., which allows for relief when, due to excusable neglect, a party fails to timely appeal.
On appeal, Mousseau argues that the circuit court failed to comply with Rule 77(d) in failing to extend the time allowed for her to appeal the probate court’s April 6, 2015, judgment. Rule 77(d) provides, in pertinent part:
“Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail or by electronic transmittal in the manner provided for in Rule 5[, Ala. R. Civ. P.,] upon each party who is not in default for failure to appear, and who was not present in person or by that party’s attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing or electronic transmittal. ... Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or. authorize the court to . relieve a party for failure to. appeal within the time allowed, except that upon a showing of excusable .neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
. In this case, the court that allegedly failed to provide notice of the entry of the judgment was the probate court, not the circuit court. “The Rules of Civil Procedure, which govern ‘evidence, pleading and practice, judgments and .orders in thé circuit court,’ likewise govern probate-court proceedings ‘in the absence of express provision’ to the contrary. Ala. Code 1975, § 12-13-12.” Hutchinson v. Miller, 962 So.2d 884, 886 n. 1 (Ala. Civ. App. 2007). The Alabama Uniform Guardianship and Protective Proceedings Act, § 26-2A-1 et seq., Ala. Code 1975, specifies that the Alabama Rules of Civil Procedure apply in actions brought under- that act. § 26-2A-33, Ala. Code 1976. Our courts have applied Rule 77(d) in other actions in a probate court. See Ex parte Tanner, 553 So.2d 598 (Ala. 1989) (holding that a party could *76 obtain a Rule 77(d) extension of time to appeal in a condemnation action when the probate court’s original notice of the judgment was incorrect); and J.D. v. M.B., 226 So.3d 706, 709-10 (Ala. Civ. App. 2016) (discussing the application of Rule 77(d) in the context of an appeal of an adoption judgment entered by a probate court).
Under Rule 77(d), Mousseau could have filed a motion asking the probate court for additional time in which to file her appeal.[3] See Altmayer v. Stremmel, 891 So.2d 305, 308 (Ala. 2004) (holding that Rule 77(d) authorizes a court, upon a showing of “excusable neglect,” to extend the time for taking an appeal by no more than 30 days); and Ireland v. Piggly Wiggly Alabama Distributing Co., 719 So.2d 844 (Ala. Civ. App. 1998) (discussing, generally, the application of Rule 77(d)); and J.D. v. M.B., supra (in which the father filed a Rule 77(d) motion in the probate court seeking additional time to appeal the probate court’s judgment to the circuit court). However, Mousseau did not file a Rule 77(d) motion in the probate court.
Rather, Mousseau mentioned Rule 77(d) for the first time in the circuit court in her November 11, 2015, amendment to her opposition to the motion to dismiss. Even if this court were to interpret that filing as a request for Rule 77(d) relief, we note, first, that relief was requested in the wrong court.
Further, although Mousseau cites Etherton v. City of Homewood, 700 So.2d 1374 (Ala. Civ. App. 1997), in her appellate brief, that case does not support a reversal of the circuit court’s judgment. In Ether-ton, supra, the Ethertons first learned of the entry of a June 26, 1996, order, certified as final pursuant to Rule 54(b), Ala. R. Civ. P., on August 9, 1996, which was 2 days after the 42-day period for filing a timely appeal of that order. The Ethertons appealed to our supreme court on August 29, 1996, and, on November 1, 1996, they filed a motion in our supreme court asking that their appeal be treated as timely. In that motion filed in our supreme court, the Ethertons argued that, although their counsel had inquired regarding the status of the action, they had first learned of the entry of the order after the time for taking an appeal had passed. Our supreme court concluded that, had the Ethertons filed a Rule 77(d) motion in the trial court, the trial court might have granted them additional time to appeal, and it noted that the Ethertons’ notice of appeal had been filed within 30 days of the expiration of the time for appeal, i.e., within the time that could have been allowed under a Rule 77(d) extension of the time for taking an appeal. 700 So.2d at 1378. Our supreme court then determined that the Ethertons’ failure to file a Rule 77(d) motion was not fatal, explaining:
“The dismissal of an appeal as untimely in a case in which the judiciary itself failed to follow the mandates of Rule 77(d) and thereby caused the untimeliness would not be ‘just.’ Indeed, it would be particularly repugnant, not only to the tenor of the rules, but also to justice, equity, and the integrity of the institution. It would be inequitable and unjust to hold a party strictly to the provisions of Rule 77(d) if the judiciary itself does not comply with them.”
700 So.2d at 1378. The supreme court remanded the matter to the trial court in that case to consider the merits of the Ethertons’ arguments that their notice of *77 appeal should be deemed timely filed. Etherton, supra.
As already indicated, however, Mousseau did not file a Rule 77(d) motion in the probate court, and she has not appealed directly to this court from the probate court’s judgment. Accordingly, this court cannot, as did our supreme court in Etherton, remand this cause to the probate court for it to consider Mousseau’s arguments. To the extent that Mousseau’s brief might be interpreted to argue that the circuit court, as the court from which the appeal from the probate-court judgment was taken, should have remanded the action to the probate court for a determination of the merits of Mousseau’s arguments, we note that Mousseau did not make any argument based on Etherton before the circuit court. “It is well settled that an appellate court may not hold a trial court in error in regard to theories or issues not presented to that court.” Allsopp v. Bolding, 86 So.3d 952, 962 (Ala. 2011).
Out of an abundance of caution, we also note that, if this court were to consider the relief requested by Mousseau in the same manner as did our supreme court in Etherton, we would conclude that the facts of this case are distinguishable from the facts of Etherton. In Etherton, the Ether-tons’ counsel looked at the case file and inquired regarding the entry of an order and found no indication that an order or judgment had been entered. In this case, Mousseau learned at some point before the expiration of the 42 days in which to appeal that the probate court’s judgment had been entered. She asserts that the probate court refuses to provide her the judgment until she paid the required court costs. However, once Mousseau paid those costs on May 13, 2015, she received the copy of the judgment; therefore, Mousseau had possession of the probate court’s judgment five days before the expiration of the period allowed for her to appeal that judgment. Mousseau has made no argument and has presented no evidence concerning any issues that prevented her from appealing the probate court’s judgment in the five days between May 13, 2015, and May 18,2015.
The circuit court correctly determined that it lacked jurisdiction over Mousseau’s untimely appeal of the probate court’s judgment. We affirm the circuit court’s judgment of dismissal. Huggins v. Alabama Dep’t of Pub. Safety, 891 So.2d 337, 340-41 (Ala. Civ. App. 2004) (affirming a judgment in which the trial court correctly determined that it lacked jurisdiction).
AFFIRMED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

, The probate court entered two separate orders that constituted the final judgment in the probate action. In one order, ■ the probate court denied Mousseau’s petition, and in the second order, it granted Wigley's petition and ordered that Wigley be appointed as Bradber-ry’s guardian, For the purpose of this opinion, we have referred to the two orders as "the judgment” of the probate court.

. The circuit court pretermitted consideration of the issue of the failure to pay security for the appeal.

. We do not reach the issue of whether such relief was appropriate, given that Mousseau knew about the entry of the April 6, 2015, judgment, as well as the substance of that judgment, before the expiration of the time for taking an appeal of that judgment.